### AARON H. ALLEN *vs.* MASSASOIT INSURANCE COMPANY.

A policy of fire insurance provided, in one clause, that, " if the situation or circumstances affecting the risk " on the property insured should " be so altered or changed, by or with the advice, agency or consent of the assured, as to increase the risk thereupon," the policy should become void; and, in another clause, that, if the risk should " be increased by the erection of buildings, or by the use or occupation of neighboring premises, or otherwise," or if the insurers should so elect, the insurers might terminate the insurance after giving notice to the assured. *Held,* that the policy was avoided under the first clause, without any election on the part of the insurers, or notice from them to the assured, by the erection by the assured of a factory on an adjoining lot of land under circumstances affecting the risk on the insured property.

CONTRACT on a policy of insurance against loss by fire on the plaintiff's dwelling-house, for five years from October 15, 1861. Answer, that, before any loss occurred, the policy was made void by the erection by the plaintiff, upon his adjoining lot of land, of a factory, containing a steam-engine and boiler, for manufacturing furniture.

At the trial in the superior court, before *Putnam,* J., there was proof of the issue of the policy at its date, containing two clauses which are quoted in the opinion of this court; that the plaintiff in 1862 or 1863 built the furniture factory as alleged in the answer; and that the dwelling-house was burned on June 9, 1866. Whether or not the erection of the factory increased the risk upon the dwelling-house was in contest; and evidence thereon was introduced by both parties. It did not appear that the defendants gave the plaintiff any notice of intention to terminate the insurance under the second clause referred to. The judge, however, ruled that the case fell within the first clause the jury returned a verdict for the defendants; and the plaintiff alleged exceptions.

*A. A. Ranney,* for the plaintiff.

*C. Allen,* for the defendants, was not called upon.

HOAR, J.   The jury having found that the situation and circumstances affecting the risk on the property insured were so altered by the agency of the assured as to increase the risk thereupon, the only question upon the exceptions taken is, whether the policy was thereby avoided.   The change in circumstances was by the erection of a building on adjoining premises.   There are two clauses in the policy which refer to such a state of facts. The first declares that " if the situation or circumstances affecting the risk thereupon shall be so altered or changed by or with the advice, agency or consent of the assured, as to increase the risk thereupon," " the risk thereupon shall cease and determine, and the policy become null and void, unless confirmed," &c. The second clause is as follows :  " If, during the insurance, the risk be increased by the erection of buildings, or by the use or occupation of neighboring premises, or otherwise, or if the company shall so elect, it shall be optional with the company to terminate the insurance after notice given to the assured or his representative of their intention to do so, in which case the company will refund a ratable portion of the premium."   The plaintiff contends that the latter clause is the only one which applies to an increase of risk by the erection of a building, and that, as no notice was given him by the defendants, the policy was not avoided.   But we do not think this the true construction of the contract.   The two clauses were directed to two objects; the first, to whatever should increase the risk by the consent or agency of the assured ; and the second, to whatever should increase the risk without his consent by the agency of others.   The first it was intended to guard against absolutely, it being within the power of the assured to prevent.   The latter, which might occur without his act, or even without his knowledge, it was just should not affect his rights without notice.   The mention of the erection of buildings was merely the specification of one mode in which the risk might be increased ; and appears to have been given by way of illustration.   But the previous provision was general, and included all modes in which the risk should be in

creased by the agency of the insured. It therefore covered **the** condition of things which the verdict in the present case has found to have existed; and the plaintiff's policy became thereby null and void. *Exceptions overruled.*