PHŒNIX INSURANCE COMPANY *vs.* WILLIAM McLOON.
WILLIAM McLOON *vs.* PHŒNIX INSURANCE COMPANY.

Though, in a policy of insurance on ship and freight, the valuations of the ship and of the freight exceed the real value of the ship and of the freight, and though the total amounts of insurance on the ship and on the freight exceed said valuations, yet, where fraud is negatived, and the insured has some interest, the said valuations are binding on the insurers, both at law and in equity.

THE first of these suits was a bill in equity brought to cancel a policy of insurance effected on the defendant's ship Young Mechanic, from Boston to Hong Kong, for $7500 on the body

of the ship, valued at $65,000, and for $2500 on her freight, valued at $22,500. The ship was totally destroyed at sea April 10, 1866. The second suit was an action of contract on the same policy. On the bill in equity, issues were framed, and at the trial of these issues, before *Hoar*, J., it appeared that the agreed freight was $2500, and was fixed February 6, 1866. And the jury found that the ship was seaworthy; that the defendant did not conspire to destroy the ship; that the valuation of the ship of $65,000 was excessive in the sum of $10,000; that the valuation of freight of $22,500 exceeded the value of the freight and outfits $2500; that the value of the freight was $18,000, and of the outfits was $2000, but that neither of these excessive valuations was fraudulently excessive; and that the insurance effected on the ship exceeded her value in the sum of $12,500, and on her freight and outfits, exceeded their value in the sum of $10,300.

At the request of the insurance company, the presiding judge reported the case for the determination of the full court: if, upon the facts so found, the court should be of opinion that the policy ought to be cancelled, a decree for cancellation to be entered in the suit in equity, and judgment for the defendant in the action at law; if the policy should be held valid, then judgment for the plaintiff to be entered in the action at law, and the suit in equity dismissed.

*W. D. Booth* (of New York) *& T. W. Clarke*, for the Phœnix Insurance Company.

*H. W. Paine & R. D. Smith*, for McLoon.

GRAY, J. No rule of the law of insurance is better settled by authority than that by which, when the insured has some interest at risk, and there is no fraud, a valuation of the subject insured in the policy is held conclusive upon the parties, at law and in equity. *Hodgson* v. *Marine Insurance Co.* 5 Cranch, 100; *S. C.* 6 Cranch, 206, and 7 Cranch, 332. *Alsop* v. *Commercial Insurance Co.* 1 Sumner, 451. *Irving* v. *Manning*, 6 C. B. 391; *S. C.* 1 H. L. Cas. 287. *Barker* v. *Janson*, Law Rep. 3 C. P. 303. 3 Kent Com. (6th ed.) 273. *Coolidge* v. *Gloucester Insurance Co.* 15 Mass. 341. *Robinson* v. *Manufacturers' Insurance Co.* 1

Met. 147. *Fuller* v. *Boston Insurance Co.* 4 Met. 206. And none is better founded in reason. The very object of putting the contract into the form of a valued, instead of an open policy, is to prevent disputes as to the amount to be recovered by the assured in case of a total loss by the perils insured against and the premium paid to the insurers is regulated accordingly.

In this case, it is admitted that the assured had a large interest at risk, and the question of fraud in the overvaluation has been submitted to a jury, and answered in his favor. Judgment must therefore be entered on the verdict in the action at law, and the bill in equity to cancel the policy

*Dismissed, with costs.*