## WILLIAM LUCE *vs.* DORCHESTER MUTUAL FIRE INSURANCE COMPANY.

A fixed sum, expressed in the policy as "being not more than three fourths of the value of the property, as stated by the applicant," was insured upon a building against the risk of fire, by a mutual insurance company; and the policy further provided that, in case of any other insurance upon the building, "this company shall not be held to pay any greater portion of the loss or damage sustained than the amount hereby insured shall bear to the whole amount insured on said property, as herein stated, such amount, in all,

not to exceed three fourths of the actual value of said property at the time of loss."
*Held,* that this proviso applied only to the whole amount of insurance when there should
be an additional policy upon the building ; and there being no such policy, that the val-
uation expressed was conclusive, in the absence of fraud.

Under the St. of 1864, *c.* 196, a covenant in an application for insurance, that the estimated
valuation of the property shall not be conclusive on the insurers, does not form a part of
the contract of insurance, if not embodied or stated in the policy, although connected by
grammatical construction with a deposit note made by the applicant as a part of the ap-
plication and in consideration of the policy that might be insured thereon.

*At* the trial of an action to recover for a loss on a policy of insurance against fire upon a
dwelling-house which the plaintiff left unoccupied at the time of the loss and for some
time before, the opinions of witnesses, that leaving a dwelling-house unoccupied for a
considerable length of time increases its liability to be destroyed or injured by fire, are
inadmissible; and evidence of a usage of the defendants to charge extra premiums upon
unoccupied dwelling-houses is also inadmissible, without proof of the plaintiff's knowl-
edge of it. But proof by experts in the business of insurance is admissible, that it is th ᵗ
usage of insurance companies generally to charge such premiums.

CONTRACT. against a mutual fire insurance company upon a
policy of insurance, dated May 22, 1866, reciting that the plain-
tiff, a member of the company, had paid the sum of six dollars
as premium and given his promissory note of the same date for
the same amount as deposit, and also bound and obliged himself
to pay all such further sums, not exceeding in any event the
amount of the premium and deposit, as might be assessed by the
president and directors of the company pursuant to the laws of
the Commonwealth ; and, in consideration of the premises, insur-
ing him for five years against loss or damage by fire, " under the
conditions and limitations hereinafter expressed," to the amount
of four hundred dollars " on his one story frame dwelling-house,
occupied by tenants, situate on the south side of Main Street,
Mattapoisett, Mass. : " " The amount insured being not more
than three fourths of the value of the property, as stated by the
applicant. Provided always that in case the said insured shall
have already any other insurance against loss by fire on the prop-
erty hereby insured, and not indorsed upon this policy, then this
insurance shall be void and of no effect. And if the said insured,
or his assigns, shall hereafter make any other insurance on the
property hereby insured, and shall not obtain the consent of this
company thereto, and have such consent indorsed upon this policy,
then this insurance shall be void and of no effect. And in case
of any other contract of insurance upon the property hereby in

sured, whether prior or subsequent to the date of this policy, and whether such contract be valid or not as against the parties thereto, or either of them, this company shall not be held to pay any greater portion of the loss or damage sustained than the amount hereby insured shall bear to the whole amount insured on said property, as herein stated; such amount, in all, not to exceed three fourths of the actual value of said property at the time of loss. And it is further agreed that whenever a building hereby insured shall be altered, enlarged, or appropriated to any other purposes than those herein mentioned, or the risk otherwise increased by the act, or with the knowledge or consent of the insured, the consent of the directors not being first obtained and signified by the secretary in writing, then this policy shall be void. But the directors may, upon application of the insured, revive the policy; but if not revived, the insured shall be entitled to receive the dividend due to this policy as if surrendered as above."

At the trial in the superior court, before *Rockwell*, J., the defendants offered in evidence the application, signed by the plaintiff, upon which the policy was based, (but not otherwise referred to therein,) stating the value of the property insured to be eight hundred dollars, containing questions and answers as to the description and circumstances of and relating to the same, and the last paragraph of which was as follows:

"Deposit Note."

" The said applicant hereby covenants and agrees with the said company, that the description of the property to be insured, and of all circumstances in relation thereto, material to the risk, is full and true : and that the estimated valuation shall not be conclusive upon the company, but in case of loss the true value at the time of loss may be inquired into and ascertained; and that said applicant shall be bound by the articles inserted in the policy, and the laws of the Commonwealth of Massachusetts in relation to insurance. And in consideration of the policy that may be issued hereon, promises to pay said company, (or its treasurer for the time being,) on demand, such sum or sums of money, not exceeding the cash premium paid hereon, and in addition thereto, as the directors may from time to time order or assess."

The defendants also offered evidence tending to show that at the time of the loss (which was total) in September 1868 the property was of much less value than the amount insured in the policy. But the judge excluded the application and this evidence.

There was evidence tending to show that the house insured was upon the Main Street in Mattapoisett, was very old, and had capacity for five tenants; that when the insurance was effected it was occupied by two tenants; and that no notice was ever given to the company or its agents that it was not still so occupied; that the last tenant moved out of it before January 24, 1867; (though the plaintiff testified that it was in the spring of 1868;) that soon after the tenants moved out the plaintiff reset the broken glass and boarded up the windows, and the house so remained entirely vacant and unoccupied till the time of the fire; that upon one side of it was a dwelling-house, usually occupied, but vacated a few days before the fire; and upon the other side two stores and a bakery, all of which were at the time of the loss and had been for several years entirely unoccupied.

"The defendants offered to prove by the agent of said insurance company, through whom said insurance was effected, that it was the custom of said company to charge extra premiums upon such unoccupied dwelling-houses.

"The defendants also offered to prove, by the testimony of insurance agents and of men accustomed to effect insurance, that it was the custom of insurance companies generally to charge extra premiums upon dwelling-houses intended or known to be unoccupied.

"The defendants also offered to prove, by the testimony of insurance agents and of men accustomed to effect insurance, as experts in that business, that leaving a dwelling-house unoccupied for a considerable length of time was an increase of risk.

"All which evidence was ruled inadmissible and rejected by the judge. The jury returned a verdict for the plaintiff," and the defendants alleged exceptions.

*P. E. Tucker*, (*B. W. Harris* with him,) for the defendants.

*T. M. Stetson*, for the plaintiff.

GRAY, J. The building insured has been totally destroyed by fire. The policy states that the amount insured is not more than three fourths of the value of the property, as stated by the applicant. The amount insured is $400, and the value stated by the applicant is $800. The valuation thus agreed on by the parties is conclusive, in the absence of fraud. *Borden* v. *Hingham Insurance Co.* 18 Pick. 523. *Fuller* v. *Boston Insurance Co.* 4 Met. 206. *Phillips* v. *Merrimack Insurance Co.* 10 Cush. 350. *Phœnix Insurance Co.* v. *McLoon,* 100 Mass. 475. The restriction, in the subsequent proviso, to three fourths of the actual value of the property at the time of the loss, applies only to the whole amount of insurance when there is an additional policy upon the property. The case is thus distinguished from that of *Brown* v. *Quincy Insurance Co. post,* 396. The covenant in the application, that the estimated valuation shall not be conclusive upon the company, is not embodied or stated in the policy, and cannot therefore be deemed a part of the contract. St. 1864, c. 196. *Eastern Railroad Co.* v. *Relief Insurance Co.* 98 Mass. 420.

The removal of the tenants from the building and leaving it unoccupied did not avoid the policy, if the risk was not thereby increased. But by the express terms of the policy, any increase of the risk by the act or with the knowledge or consent of the assured, whether by altering or enlarging the building, by appropriating it to any other purpose than that mentioned in the policy, or in any other manner, avoided the policy; and the question whether voluntarily permitting the building to remain unoccupied for more than a year increased the risk was a question for the jury. *Gamwell* v. *Merchants' & Farmers' Insurance Co.* 12 Cush. 167. *Blood* v. *Howard Insurance Co.* Ib. 472. *Allen* v. *Massasoit Insurance Co.* 99 Mass. 160. *Lyman* v. *State Insurance Co.* 14 Allen, 329.

The direct question whether such a change in the occupation of a dwelling-house increased its liability to be destroyed or injured by fire was a subject within common knowledge, and upon which opinions of witnesses were inadmissible. *Mulry* v. *Mohawk Valley Insurance Co.* 5 Gray, 541. *Lyman* v. *State*

*Insurance Co.* 14 Allen, 329. *Hartford Protection Insurance Co.* v. *Harmer*, 2 Ohio State, 452. The testimony of experts that leaving a dwelling-house unoccupied for a considerable length of time was an increase of risk was therefore rightly rejected.

But whether such a change in the occupation is material to the risk might also be tested by the question whether underwriters generally would charge a higher premium. *Merriam* v. *Middlesex Insurance Co.* 21 Pick. 162. That being a matter within the peculiar knowledge of persons versed in the business of insurance, testimony of such persons upon that point is admissible. *Webber* v. *Eastern Railroad Co.* 2 Met. 147. *Mulry* v. *Mohawk Valley Insurance Co.* 5 Gray, 541, 545. Story, J., in *McLanahan* v. *Universal Insurance Co.* 1 Pet. 170, 188. *Hawes* v. *New England Insurance Co.* 2 Curtis C. C. 229. The testimony of the defendants agent that it was their custom to charge extra premiums upon such unoccupied dwelling-houses was indeed inadmissible, because it went no further than to prove a particular custom of the defendants, not shown to have been known to the plaintiff. *Carter* v. *Boehm*, 3 Burr. 1905. *Hartford Protection Insurance Co.* v. *Harmer*, 2 Ohio State, 452. *Adams* v. *Otterback*, 15 How. 539. *Berkshire Woollen Co.* v. *Proctor*, 7 Cush. 417. But the testimony of witnesses, having the requisite knowledge and experience, that it was the custom of insurance companies generally to charge extra premiums upon dwelling-houses intended or known to be unoccupied, was competent; and such evidence having been offered and rejected, the          *Exceptions must be sustained.*