McIlvaine, J.
Whether the policy of insurance in this suit is valued or open, is the sole question in this case.
A policy of insurance is essentially a contract for indemnity in case of loss. Wager policies are contrary to public policy. The insured must have an interest in the subject of the insurance — an interest in its preservation. In case of loss, his contract rightfully entitles him to compensation — nothing more. The reason upon which this principle rests, is the prevention of fraud and crime, by removing all inducement and *134 temptation to commit them, which would naturally arise from the great disparity between the consideration paid and the indemnity received by the insured. This disparity, however, does not amount to inadequacy or even a suspicion of fraud; because of the supposed remoteness of the contingency of loss; nevertheless its existence requires the utmost good faith on the part of the insured. While these considerations do not, in the least, exempt the insurer from liability on his contract, they do show that in the absence of a contract to the contrary, the amount of recovery on a policy of insurance should be limited to the actual loss sustained by the assured on account of the risk against which the policy was taken. In other words, a policy of insurance must be regarded as an open one, unless it appears to have been the intention of the parties to the policy, upon a fair and reasonable construction of its terms, to value the loss, aud thereby fix, by contract, the amount of recovery.
Mr. Wood, in his treatise on fire insurance, section 41, says: “ Valued policies are those in which both the property insured and the loss are valued, and which bind the insurer to pay the whole sum insured, in case of total loss. They may be said to be policies in which the insurer himself, at the time of making the policy, assesses the damages in case of total loss, unless fraud, inducing an over-valuation on the part of assured, is established.” And further along in the same section, he says : “ If there is anything in the policy that clearly indicates an intention on the part of the insurer to value the risk and the loss, in whatever words expressed, the policy is valued, otherwise it is open.” Again, “ No particular form of expression is necessary; the intention of the parties, gathered from the whole instrument, must determine the matter.” Fuller v. Boston, &c. Ins. Co., 18 Pick. 523.
It has been decided that a policy of a company whose charter limited its liability to a certain proportion of the actual value of the property insured, which refers to the value of the property as stated in the application of the insured, is a valued policy. 10 Cushing, 551. Other cases go so far as to hold generally, that a policy which refers to the valuation of the property as it appears in the application which is made a *135 part of the policy, is a valued one. 1 Allen 68; 100 Mass. 475.
Without expressing an opionion as to the soundness of such construction when nothing further appears in the policy, we are satisfied that the policy before us, which contains the further stipulation, that “said Farmers’ Insurance Company hereby agrees to make good unto the said assured, his heirs, executors, administrators or assigns, all such loss or damage, not exceeding in amount the several sums insured, as shall happen by fire or lightning to any of the aforesaid property, from the 28th day of March, 1873, at 12 o’clock at noon, to the 28th day of March 1878, at 12 o’clock at noon, and to be paid ninety days after due notice a/nd proofs of the same shall have been made by the assured and received at this office, with the terms and provisions of this policy,” shows, that it was not intended by the insurer to make the sum assured the measure or value of the damages, although the loss might be total. Proofs of loss or damage here required as a condition precedent to the payment, refer to cases of total as well as partial losses. The amount of liability on the policy was thus left open to inquiry, limited, however, by the amount of insurance named in the policy.
The court of common pleas, therefore, erred in rejecting testimony offered by the defendant below as to the amount of actual loss. And the district court erred in affirming the judgment of the common pleas.

Judgments reversed and cause remmded.