OWEN WHITE *vs.* PHŒNIX INSURANCE COMPANY.

Androscoggin.     Opinion April 6, 1891.

*Insurance.   Vacant Buildings.   Presumption.   Evidence.   R. S., c. 49, § 20.*

To avoid a policy of fire insurance, stipulating that whenever the buildings insured shall become vacant, the insurance thereon shall cease, it must be shown that, not only have the buildings become vacant in violation of the terms of the policy, but that the risk was thereby increased. R. S., c. 49, § 20.

It is common knowledge of which courts take judicial notice, that vacant buildings, as a class, are more exposed to damage from fire than they would be if occupied. The testimony of witnesses, therefore, tending only to establish such fact, already known is unnecessary and inadmissible.

When the vacancy of buildings insured is shown, a presumption arises of an increased hazard from fire, but the peculiar condition, construction and surroundings may rebut such presumption and even show that such hazard is decreased.

Under the statute, the burden is upon the insurance company to show an increase of risk; and when the vacancy is shown, it has such presumption in its favor that, if not rebutted, is sufficient to prove the fact; but, when other facts appear, it is for the jury to say, whether the presumption shall still prevail, or whether it has been rebutted, and whether, on the whole evidence, the risk is shown to have been increased.

When the building destroyed had been left vacant for nearly a year, and the defendant company seems to have had neither the presumption of increased hazard accorded it at the trial, nor to have been permitted to show it, *Held*; that it was entitled to one or the other; and that a new trial should be ordered.

ON MOTION AND EXCEPTIONS.

This was an action of assumpsit on a policy of the fire insurance. Plea, general issue with a brief statement that the policy had been rendered void, because of the premises becoming vacant and unoccupied and so remaining until the time of the fire, a space of about ten months, without the written consent of the company indorsed on the policy; and that by the vacancy and non-occupancy, the risk on the premises was materially increased. The verdict was for the plaintiff.

In the course of the trial, witnesses were called by the defendant to show that non-occupancy increases the hazard; and they were asked whether or not it is the usage of insurance companies,

generally, to charge extra premiums on houses intended or known to be unoccupied.

The defendant, also, offered to prove by its witnesses that the usage and custom of the insurance business is, first, not to insure, at all, vacant farm-buildings except for a temporary. vacancy; and, second, if they insure, at all, an extra premium is charged; and they were asked what is the usage or custom of insurance companies, generally, as to insuring, at all, unoccupied farm dwellings or buildings, for any period beyond a temporary vacancy, such as thirty or sixty days. The court, upon objection, excluded the questions and testimony offered. The defendant excepted to the rulings of the court and the exclusion of the testimony thus offered.

The testimony on the motion is omitted.

*Baker, Baker and Cornish,* for defendant.

*Thayer* v. *Prov. Ins. Co.* 70 Maine, 531, relied upon at the trial, does not touch the question put in the case at bar. The opinion at p. 539, shows that the exact evidence offered was the opinion merely of an expert as to what would materially increase the risk, and as to what influence non-occupancy would have upon the action of insurance companies. The first element was inadmissible because it called for an expert opinion on what was a matter of common knowledge; the second element because it is generally incompetent for a witness to give an opinion as to the effect of an assumed fact on the mind or action of a third person. *Joyce* v. *Ins. Co.* 45 Maine, 170. The question excluded was not one of opinion but a fact, within the knowledge of experts, and not within the common knowledge of juries. *Merriam* v. *Ins. Co.* 21 Pick. 164; *Chrisman* v. *Ins. Co.* 16 Ore. 283; *Ins. Co.* v. *Miller,* 39 Ind. 474. This question admitted in *Luce* v. *Ins. Co.* 110 Mass. 363. Counsel also cited: *Ins. Co.* v. *Rowland,* 66 Md. 236; May on Ins. § § 580, 582; *Hawes* v. *N. E. Co.* 2 Curtis, C. C. 229; Rogers' Expert Test. § 110.

*A. R. Savage and H. W. Oakes,* for plaintiff.

HASKELL, J. The removal of tenants from the farm buildings insured and burned did not avoid the policy, unless the risk

was thereby increased; R. S., c. 49, 20; and the increase of risk is a fact for the jury, and must be shown, in order to work a forfeiture of the policy. *Lancy* v. *Home Ins. Co.* 82 Maine, 492; *Luce* v. *Dorchester Insurance Co.* 105 Mass. 297.

That vacant buildings are more exposed to danger from fire than they would be if occupied is a fact of common knowledge, to prove which, therefore, the opinions of witnesses are incompetent and unnecessary. *Mulry* v. *Mohawk Valley Ins. Co.* 5 Gray, 541; *Lyman* v. *State Ins. Co.* 14 Allen, 329; *Luce* v. *Dorchester Ins. Co. supra*; *Joyce* v. *Maine Ins. Co.* 45 Maine, 168; *Cannel* v. *Phœnix Ins. Co.* 59 Maine, 582; *Thayer* v. *Providence Ins. Co.* 70 Maine, 531.

When the building insured is shown to be vacant, the risk of fire is presumed to be increased; but this presumption is not conclusive, for the peculiar condition, construction and surroundings of the building may be such that the presumption will be completely destroyed and show that the risk is not increased, or even that it is decreased.

Under the statute, the burden is upon the defendant to show an increase of risk. When the vacancy is shown, it has the presumption of increase in its favor, and, unless rebutted, is sufficient to prove the fact; but, when all the facts that picture the particular building appear, the jury must say, whether the presumption shall still prevail, or whether it is rebutted, and whether, on the whole evidence, the risk is shown to have been increased. This view is substantially illustrated by the judgment of this court in dealing with the facts in *Lancy* v. *Home Ins. Co.* 82 Maine, 492.

The evidence offered and excluded tended simply to prove that vacant buildings, as a rule, are more exposed to loss by fire than if occupied, inasmuch as the cost of their insurance is universally fixed at higher rates of premium. If the court failed to take judicial notice of the fact that the evidence tended to prove, its exclusion might have been error, for the reasons stated in *Luce* v. *Dorchester Ins. Co. supra*; but, when the fact is known and recognized as within the common knowledge of all well-informed persons, it is useless to waste the time of a trial in proving it.

The buildings destroyed in this case had been left vacant for nearly a year. Upon the trial, the defendant should have been allowed either to count the presumption from vacancy in its favor, or to show facts tending to prove it. We fear the trial did not proceed upon that theory, and therefore are of opinion that a new trial should be ordered.

*Motion sustained.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and WHITEHOUSE, JJ., concurred.