DAVIS *v.* ÆTNA MUTUAL FIRE INSURANCE CO.

A provision in an insurance policy, that if any person other than the assured has procured the policy, he shall be deemed to be the agent of the assured and not of the company, in any transaction relating to the insurance, is valid under Massachusetts law.

A misrepresentation of material facts relating to the risk by the assured,

| 67 | 335 |
| f70 | 36 |
| 67 | 335 |
| 72 | 487 |
| 72 | 574 |
| 67 | 335 |
| 74 | 338 |

---

\*See foot-note on page 80.

in procuring a policy of insurance, renders the policy invalid in that state.

Whether the facts that a storage-house for paints is near the insured building, that steam locomotives frequently pass within a few feet of it, that it is located back from the street in the rear of other buildings, and that the applicant is a woman, are material to the risk, is a question for the jury.

ASSUMPSIT, upon a policy of insurance issued by the defendants, a corporation formed under the laws of this state and located here, to the plaintiff, a woman residing in Massachusetts, insuring her against loss by fire upon a mill building in that state. The policy does not conform to the standard form prescribed by the statutes of New Hampshire or Massachusetts, but is the form used by the defendants in insuring property located outside this state. It contains the following provisions:

"1. The assured by the acceptance of this policy hereby warrants that any application, survey, plan, statement, or description connected with procuring this insurance, or contained in or referred to in this policy, is true, and shall be a part of this policy; that the assured has not overvalued the property herein described, nor omitted to state to the company any information material to the risk.

"2. If any broker or other person than the assured has procured this policy, or any renewal thereof, or any indorsement thereon, he shall be deemed to be the agent of the assured and not of the company, in any transaction relating to the insurance.

"3. It is hereby understood and agreed by and between the company and the assured that this policy is made and accepted with reference to the foregoing terms and conditions, and those printed on the back hereof which are hereby declared to be a part of this contract, and are to be used and resorted to in order to determine the rights and obligations of the parties hereto in all cases not herein otherwise specially provided for in writing and endorsed hereon."

The plaintiff applied to an insurance broker in Boston for the insurance, and he applied to a firm of general insurance brokers in Indianapolis, who sent the application to the defendants. The defendants sent the policy to the Indianapolis brokers, who forwarded it to the Boston broker, and he delivered it to the plaintiff. The defendants allowed a commission to the Indianapolis brokers, who allowed a portion of it to the Boston broker.

The only information the defendants had relative to the location of the risk was contained in the application and a diagram sent to them by the Indianapolis brokers. The diagram represented a part of the buildings of a foundry as located on one side

of the risk, but in a way that showed the representation was incomplete. A one-story building with an iron roof, used for the storage of paints, etc., located within a few feet of the risk on the opposite side from the foundry buildings, and a railroad track passing near the risk, were not represented. The building insured was represented as located upon a street, when in fact it was 130 feet or more distant from the street with buildings between. The application stated that the building was insured in the Hartford and other companies, and did not state that the applicant was a woman. At the time the application was made, the Hartford company's policy had been cancelled. The plaintiff claimed that the contract was made in this state; that the Indianapolis brokers were the agents of the defendants by force of *s.* 3,·*c.* 172, Gen. Laws, and that their representations with reference to the risk did not bind the plaintiff. The court ruled in accordance with the plaintiff's claims, and, as the defendants offered no evidence, ordered a verdict for the plaintiff; and the defendants excepted.

*Streeter*, *Walker & Chase*, for the defendants.

*Samuel C. Eastman*, for the plaintiff.

*Per Curiam.** It has already been decided that this contract of insurance is to be construed in accordance with the laws of Massachusetts. *Davis* v. *Insurance Co.*, *ante*, 218. Hence the plaintiff's contention that the statutes of this state (G. L., *c.* 172, *s.* 3, Laws 1879, *c.* 13) charging an insurance company with knowledge of the risk possessed by a third party, who prepares the application, whether technically its agent or not, apply to this contract, cannot be sustained. These statutory provisions were not embodied in and do not control the Massachusetts contract. The parties intended that their contract should be construed by the laws of the state where the plaintiff resided and where the property insured was situated. "All contracts of insurance on property in this commonwealth shall be deemed to be made therein." Mass. Laws 1887, *c.* 214, *s.* 3.

The ruling that the Indianapolis brokers were agents of the defendants, and that their knowledge of facts or their representations relating to the risk bound the defendants, is erroneous under the statutes of Massachusetts. The agreement between the parties contained in the policy was, that "If any broker or other person than the assured has procured this policy, . . . he shall be deemed to be the agent of the assured and not of the company, in any transaction relating to the insurance." This is evidence that the brokers, in negotiating for the insurance and

---

*See foot-note on page 80.

procuring the policy, were acting as the plaintiff's agents; and the question is, whether a finding of fact that they sustained that relation to her can be sustained under Massachusetts law. The question relates to the capacity of the parties to bind themselves by this provision of the contract. If it is not opposed to the statutes of that state, there is no reason why it was not competent for them to make it. Whether a similar provision in a New Hampshire contract of insurance would be held invalid under our statutes is immaterial.

An insurance broker is defined to be a person who "for compensation acts or aids in any manner in negotiating contracts of insurance or re-insurance, or placing risks or effecting insurance or re-insurance for a person other than himself, and not being the appointed agent or officer of the company in which such insurance or re-insurance is effected." Mass. Laws 1887, *c*. 214, *s*. 93. Section 90 of the same chapter provides that "an insurance agent or broker, who acts for a person other than himself in negotiating a contract of insurance by an insurance company, shall, for the purpose of receiving the premiums therefor, be held to be a company's agent, whatever conditions or stipulations may be contained in the policy or contract; and such agent or broker, knowingly procuring, by fraudulent representations, payment or an obligation for the payment of a premium of insurance, shall be punished," etc. Our attention has not been called to any other statutory provision in that state restricting the agency clause in insurance policies. Section 90 restricts the power of parties to define their liability under that clause in a single particular only, which is not material in this case. With that exception the general common-law power of the parties in this respect remains unchanged. The intention of the parties, therefore, evidenced by the policy and such other facts and circumstances as may be competent, must determine the question whether the brokers who procured this policy for the plaintiff were her agents or the agents of the company; and this question is one of fact for the jury.

The defendants insist not only that the verdict should be set aside, but that judgment should be ordered in their favor on the ground that the plaintiff suppressed material facts in her application, and was guilty of a breach of the warranty contained in the policy, or of a misrepresentation sufficient to avoid the policy. The plaintiff warranted in the policy that she had not "omitted to state to the company any information material to the risk." This stipulation being incorporated in the policy may be "considered as a warranty." *Sec*. 59. The plaintiff having accepted the policy with this provision in it, is bound by it. *Goddard* v. *Ins. Co.*, 108 Mass. 56, 59; *Monitor M. F. Ins. Co.* v. *Buffum*, 115 Mass. 343. Hence she cannot recover in this action if she omitted to give the defendants information material to the risk, whether

the omission was intentional, or the result merely of accident or mistake. *Campbell* v. *Ins. Co.*, 98 Mass. 381, 389.

But whether the plaintiff's suppression of material facts relating to the risk is held to constitute a breach of the stipulated warranty, may be of little practical importance, since it may also be held to be a false representation of matters material to the contract. "Representations to insurers before or at the time of making a contract are a presentation of the elements upon which to estimate the risk proposed to be assumed. They are the basis of the contract; its foundation, on the faith of which it is entered into. If wrongly presented in any respect material to the risk, the policy that may be issued thereupon will not take effect. To enforce it would be to apply the insurance to a risk that was never presented." *Campbell* v. *Ins. Co.*, *supra*, 390; *Kimball* v. *Ins. Co.*, 9 Allen 540; *Eastern Railroad Co.* v. *Ins. Co.*, 98 Mass. 420; *Boardman* v. *Ins. Co.*, 20 N. H. 551; *Marshall* v. *Ins. Co.*, 27 N. H. 157. This principle is recognized in *s.* 21 of the chapter above referred to, which provides that "no oral or written misrepresentation made in the negotiation of a contract or policy of insurance by the assured, or on his behalf, shall be deemed material, or defeat or avoid the policy, or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increased the risk of loss." The inference is, that if the matter misrepresented did increase the risk of loss, it would avoid the policy as at common law; and such was the decision in *Ring* v. *Assurance Co.*, 145 Mass. 426. In that case the assured represented that there were no houses within one hundred feet of the house containing the chattels to be insured. This representation was not contained in the policy. The jury were in effect instructed that if the representation was made innocently, by mistake, it would not avoid the policy, although it related to a fact that was material to the risk and was false. It was held that this was error; and that the plaintiffs could not recover, if they had made misrepresentations on matters which increased the risk of loss, although not made with intent to deceive. Applying the provisions of the Massachusetts statutes, as construed by the decisions in that state, it is apparent that the defendants are not liable if the plaintiff, before or at the time of the contract, suppressed information which, if disclosed, would have rendered the risk more hazardous than she represented it to be. This result does not depend on the question of her warranty, or of her good faith in the transaction.

Whether, however, her failure to disclose facts relating to the risk, which the defendants now complain of, constitutes a breach of the warranty contained in the policy, or whether it amounts to a misrepresentation of the risk assumed under the contract, the defendants cannot escape liability for the loss unless those facts were material to the risk. Any matter is material to the risk

which increases the danger of loss, and would influence an insurance company, in the reasonable prosecution of its business, to decide whether to take the risk, and what premium to charge for it, if taken. The premium bears a relation to the risk incurred, increasing as the danger of loss increases. "The contract of insurance depends essentially upon an adjustment of the premium to the risk assumed." *Kyte* v. *Ins. Co.*, 149 Mass. 116, 123. Absence of legislation in Massachusetts upon this subject leaves this obvious principle in full force, and makes it one element in the test of the materiality of the undisclosed facts. But whether certain facts are material to the risk under this or other competent tests is ordinarily a question of fact for the jury, as well as the inquiry whether there was misrepresentation in regard to them. *Boardman* v. *Ins. Co.*, 20 N. H. 551; *Patten* v. *Ins. Co.*, 40 N. H. 375, 381; *Clark* v. *Ins. Co.*, 40 N. H. 333, 338; *Luce* v. *Ins. Co.*, 105 Mass. 297, 301; *Ring* v. *Assurance Co.*, *supra*. In this case the danger of loss by fire to the insured building may have been increased by the proximity of the building used for the storage of paints, or by the fact that locomotives frequently pass near the risk. The location of the building at a considerable distance from the street may have rendered the risk extra-hazardous for many reasons. If the defendants had been informed that they were asked to insure a manufacturing establishment owned by a woman, located as this was represented to be, they might have charged a higher rate; or they might have declined to place insurance upon the property, on the ground that a woman might not be able to give that personal attention to the care of it that a man would if he were the owner of it. *Baldwin* v. *Ins. Co.*, 60 N. H. 422, 424. All these matters are proper subjects for the consideration of the jury. The court cannot say as a matter of law that any of them affected the insurable character of this property.

The fact that the policy in suit does not conform to the standard policy prescribed by the statutes of Massachusetts (*s.* 60) is not important in the present inquiry. A policy issued in violation of the statute "shall nevertheless be binding on the company issuing the same" (*s.* 105), and, as provided in the standard form, "shall be void if any material fact or circumstance stated in writing has not been fairly represented by the insured." While the defendants cannot escape liability on the ground that the policy in suit does not conform to the standard established in that state, the plaintiff cannot avoid the common-law result of her misrepresentation of material facts.

*Verdict set aside.*

BLODGETT and CHASE, JJ., did not sit: the others concurred.