The Willow Grove Creamery Company of Wash-
ington County *vs.* The Planters' Mutual Insur-
ance Company of Washington County.

*Action on Policy of Fire insurance—Evidence.*

In an action on a fire insurance policy on a creamery, it appeared
that at the time of the issuance of the policy the smoke-stack of
the building projected about seven feet above the comb of the
roof, and was there secured by tin; that afterwards the smoke-
stack was changed to the side of the roof, near the eaves, and
extended three or four feet above the shingles, bringing the top
of the pipe three or four feet below the comb of the roof; and
that the fire resulted from this change, about three hours after
the alteration had been made. No notice was given the insur-
ance company of the change. The defence set up by the insur-
ance company was that the change so made without its author-
ity or approval, increased the risk or hazard from what it was
under the original contract, thereby avoiding the same. Held:

That evidence that the defendant had insured in the same neigh-
borhood, and about the same time the plaintiff's policy was
issued, and at the same rate, buildings of the character of the
creamery, and having smoke-stacks arranged as the plaintiff's
was when the fire occurred, was inadmissible.

Appeal from the Circuit Court for Washington County.

The case is stated in the opinion of the Court.

The cause was argued before Alvey, C. J., Robinson,
Bryan, Fowler, Page, Roberts, McSherry, and Bris-
coe, J.

*Hy. Kyd Douglas,* (with whom was *J. Clarence Lane,*
on the brief,) for the appellant.

*F. F. McComas,* and *A. C. Strite,* for the appellee.

Willow Grove Creamery Co. *vs.* Planters' Mutual Ins. Co.

BRISCOE, J., delivered the opinion of the Court.

A single question is presented by this appeal. The action was brought by the appellant against the appellee upon a policy of fire insurance, to recover for a loss by fire. The contract of insurance was in writing, consisting of the application on the part of the appellant, and the policy which was issued by the insurance company. About two years after the policy was issued the property was totally destroyed by fire, and this suit was brought by the appellant to recover the loss sustained thereby.

The appellee is a mutual insurance company, and the policy expressly declares that it was made and accepted subject to, and upon the terms and conditions mentioned in the by-laws of the company. By the 10th section of the by-laws it is provided that: "If any property insured in this company shall be rendered more hazardous, after an insurance is effected, by any means whatever, within or not within the control of the insured, such person so insured shall immediately give notice to the secretary, and the directors may either elect to continue the insurance upon the same terms, or continue it if the insured shall give his additional premium note for such sum as the directors may determine, or may cancel the policy and return the premium note and the ratable portion of the five per cent. unexpended. And if the insured shall omit, in such case to give notice, then such insurance shall be void, and of no effect." The loss in this case was proved, but the insurance company set up the defence that the policy had been forfeited by a violation of section ten of its by-laws. The uncontradicted proof shows that at the time of the issuance of the policy the smoke-stack of the building projected about seven feet above the comb of the roof, and was there secured by tin; that afterwards this smoke-stack was changed to the side of the roof near the eaves and projected three or four feet above the shingles, bringing the top of the pipe

three or four feet below the comb of the roof; and that the fire resulted from this change about three hours after the alteration had been made. And it was admitted that no notice whatever was given the insurance company of this change, nor was their consent ever obtained thereto.

At the trial the appellant asked the defendant's agent the following question: "Do you know whether or not your company, the defendant, as a matter of fact, gave policies of insurance in this county, and in the same neighborhood, and about the same time that this policy was issued and at the same rate upon mills, warehouses, and buildings of the character of the creamery building, spoken of in this case, where at the time of taking the risk, the smoke-stack went up through the side of the roof of the building, and as far below the comb of the roof as in the creamery building at the time the fire occurred?"

And upon objection this question was ruled improper and inadmissible. The first exception is to its admissibility, and substantially forms the only question in the case. There can be no doubt as to the construction of the contract entered into between the insured and the insurer in this case. The question to be determined was whether the change of the smoke-stack, as shown by the proof, had increased the risk or hazard from what it was under the original contract. And it was not at all material for this consideration to know whether the appellee had made a different contract with some one else or not. It was not competent to vary the contract between the appellant and appellee by showing that the insurance company had made an entirely different contract with others. The material inquiry was whether the appellant had violated its contract, and thereby rendered the policy null and void. The case of the *Planters' Mutual Insurance Company of Washington County vs. Row-*

*land*, 66 *Md.*, 240, relied on by the appellant, has no bearing upon this. In that case the plaintiff was allowed to prove "the usage of underwriters respecting the rates charged by them," and the Court said the witness was not asked to give his opinion as an expert in regard to the risk, but to prove a fact—whether *insurance companies* charged the same or different rates. Obviously, the distinction between the two cases is broad and manifest. The testimony in this case was inadmissible because it went no further than to prove a particular custom. In the *Luce Case* it was to prove the custom of insurance companies generally. *Luce vs. Dorchester Mutual Fire Ins. Co.*, 105 *Mass.*, 302.

The offer made by the plaintiff had no reference to the issue then to be determined, and the question was clearly inadmissible. It follows, therefore, as there was no error in the ruling of the Court below, the judgment must be affirmed.

*Judgment affirmed.*

(Decided 20th June, 1893.)