Williams, J.
The policy in suit insured a building situated in this state against loss or damage by fire, and was issued since the enactment of section 3643 of the Revised Statutes, which provides that:
“Any person, Company or association hereafter insuring any building or structure against loss or damage by fire or lightning, by renewal of a policy heretofore issued, or otherwise shall cause such building or structure to be examined by an agent of the insurer, and a full description thereof to be made, and the insurable value thereof to be fixed by such agent; in the absence of any change increasing the risk without the consent of the insurers, and also of intentional fraud on the part of the insured, in case of total loss the whole amount mentioned in the policy or renewal upon which the insurers receive a premium shall be paid, and in case of a partial loss the full amount of the partial loss shall be paid; and in case there are two or more policies upon the property, each policy shall contribute to the payment of the whole of the partial loss in proportion to the amount of insurance mentioned in each policy; but in no case shall the insurer be required to pay more than the amount mentioned in its policy.”
This statute has been considered by this court on several occasions,, and has invariably been held to enter into and become a part of every fire policy on a building or structure, issued since its passage, and to supersede and annul those conditions and stipulations in such policies that are at variance with its *256 provisions. Insurance Co. v. Leslie, 47 Ohio St., 409; Insurance Co. v. Hull, 51 Ohio St., 270, 278; Moody v. Insurance Co., 52 Ohio St., 12, 23; The Sun Fire Office v. Clark, 53 Ohio St., 414, 426, 429, 430; Insurance Co. v. Drackett, 63 Ohio St., 41, 54. In the case of the Insurance Co. v. Leslie, it was held, among other things, that a condition contained in such a policy, that “the amount of the loss or damage should be estimated according to the actual cash value of the property at the time of the fire, and not more than it would cost the insurer or insured to replace or re store the same,” was repugnant to the statute, and void, and that, in case of a total loss, notwithstanding the condition, the insured was entitled to recover the full amount named in the policy, although that amount exceeded the actual value of the property. In Moody v. Insurance Co., the court held that a condition in such a policy which declared there should be no liability “for loss or damage in or on vacant or unoccupied property, unless consent be endorsed thereon,” was subject to, and controlled by, the provision of this statute which makes the insurer liable “in the absence of any change increasing the risk,” and that, a defense founded on a breach of that condition which did not aver the risk was thereby increased, was insufficient. That decision, and the Leslie case, were approved and distinguished in the subsequent case of The Sun Fire Office v. Clark, 53 Ohio St., 414, 429, 430. The Moody case was also approved and followed in Insurance Co. v. Moore, 52 Ohio St., 606-7, and also in Retterer v. Ohio Ins. Co., 55 Ohio St., 635;andits doctrinewasdistinctlyreaffirmed, both in the syllabus and opinion, in Insurance Co. v. Baldwin, 62 Ohio St., 368, 381-2. And, in the Leslie case, and Insurance Co. v. Draclcett, supra, it was held that the provisions of this statute are founded upon *257 public policy, and the insured cannot be held to a waiver of them. Since these several decisions, which are in entire’ harmony with those of the courts of last resort of other states where similar statutes have been in force, all contracts of fire insurance have been entered into and policies issued in view of the law as established by them. Insurers have accordingly fixed the amount of the insurance written in their policies, and the premiums they have required to be paid, with respect to the law as so established, and all premiums have been paid by the insured on the faith of it. So that, the law as declared in the cases referred to has, in its appropriate sense, become a rule of property in this state.
There is no conflict of authority between the case of Insurance Co. v. Wells, 42 Ohio St., 519, and any of the decisions of this court heretofore cited in which the statute in question was considered and adjudicated upon. In that case (Insurance Co. v. Wells) no questions were raised relating either to the interpretation of section 3643, or its application to the policy there in suit. Assuming that they might have been made, it is perfectly clear that no question of the kind was either passed upon or considered by the court, or brought to its attention, or even alluded to by counsel. This plainly appears from the report of the case. It has long been the established rule of this court, as well as the settled law on the subject, that: “A reported decision, although in a case where the question might have been raised, is entitled to no consideration whatever as settling, by judicial determination, a principle not passed upon nor raised at the time of the adjudication.” Fouts v. State, 8 Ohio St., 98, 123. Where the questions were not raised nor *258 considered, “it is as if they were not in the case at all.” State v. Pugh, 43 Ohio St., 121, 123. Wambaugh’s Study of cases, Sec. 17.
In Phoenix Insurance Co. v. McLoon, 100 Mass., 475, 476, it is said by Gray, J., that : “No rule of the, law of insurance is better settled by authority than that by which, when the insured has some interest at risk, and there is no fraud, a valuation of the subject insured in the policy is held conclusive upon the parties, at law and in equity. Hodgson v. Marine Insurance Co., (9 U. S.), 5 Cranch, 100; Insurance Co. v. Hodson, 10 U. S. (6 Cranch), 206, and 11 U. S. (7 Cranch) 332; Alsop v. Commercial Insurance Co.. 1 Sumner, 451; Irving v. Manning, 6 C. B., 391; s. c. 1 H. L. Cas., 287; Barker v. Janson, Law Rep., 3 C. P., 303; 3 Kent. Com. (6 ed.), 273; Coolidge v. Gloucester Insurance Co., 15 Mass., 341; Robinson v. Manufacturers’ Ins. Co., 1 Met., 147; Fuller v. Boston Insurance Co., 4 Met., 206. And none is better founded in reason. The verv object of putting the contract into the form of a valued, instead of an open policy, is to prevent disputes as to the amount to be recovered by the assured in case of a total loss by the perils insured against; and the premium paid to the insurers is regulated accordingly.”
Certainly the reason for holding the insurer to the amount of the valuation fixed in the policy cannot be less cogent where that measure of liability is prescribed by positive law, which is necessarily adopted by the parties and made a part of their contract, and by which they are mutually bound. Insurers have it completely in their hands, under this statute, to correct and prevent any mischief arising from over-valuation; for, the power is exclusively theirs to determine and fix the amount of the risk they will assume, in *259 each instance, and the compensation that shall be paid them for assuming it. So that, if the amount of the insurance named in any policy proves to be larger than it should have been, the fault is not attributable to the statute, but must be found elsewhere.
Obviously the purpose of the rebuilding clause in the policy in question, and its only purpose was, that it might enable the defendant in case of total loss to discharge its liability on the policy by the expenditure of a less sum of money than would be required to pay the amount of the insurance named in the policy. In no other way could the company derive any benefit from that clause. If the expense of rebuilding would exceed, or even equal the amount of the insurance mentioned, there could be neither advantage nor object on the part of the company to undergo that trouble. And when the expense is less, the performance of that condition by rebuilding the destroyed property, would be but a mode of satisfying the obligation of the company by payment, to persons other than the insured, of a sum less than became payable on the policy accordingJo the provisions of the statute. It must be apparent that, if the insurer could be so relieved from the operation of the statute under a condition of this kind because it is made a part of the policy, there could be no reason why he should not also have like relief, on the same ground, under the stipulation inserted in all policies which undertakes to limit his liability to the actual value of the property, and be permitted in all cases to prove that value to be less than the amount of the insurance written in the policy, and, to discharge his indebtedness thereon by the payment of such lesser amount. Such a result, under any condition or agreement in the policy is in conflict with the requirements of the statute, and defeats its manifest purpose, which, evi *260 dently was to remove from the field of controversy the amount and mode of payment of total losses. The amount which the statute requires shall be paid, is fixed, as expressed in its language, at “the whole amount mentioned in the policy upon which the insurer received a premium,” not merely a part of that amount. The liability of the insurer for that amount is made a money demand to be “paid” to the insured or his representatives, and not to third persons under the employment and direction of the insurer. Whatever latitude of meaning the terms “payment” or “paid” may have, depending upon the connection in which they are used, the latter term, it seems clear, is employed in this statute in its appropriate legal sense of satisfaction in money of a debt due from one to another.
The gist of the argument for the plaintiff: in error is, that the object of the statute is fully accomplished when its operation is limited to the avoidance of those conditions and stipulations in policies which are designed to affect the measure of the insurer’s liability, such as those which relate to the actual value of the property, and its ascertainment by appraisement and arbitration; and that, the rebuilding clause does not interfere with the measure of the liability as fixed by the statute, but only provides a mode of payment Performance of that condition of the policy, when it is available, would, no doubt, be a satisfaction of: the insurer’s liability, and, in a sense, payment. But. it also changes entirely the measure of the liability from the amount named in the policy to the cost of the rebuilding, whether that be. greater or less than the amount of the insurance. In those states having no statutory regulation like ours, and where such conditions are operative, it is uniformly held that, the election of the insurer to rebuild, at once converts *261 the policy from a contract of insurance into a building contract; and that, the amount named in the policy ceases to be any standard for the measure of recovery. The only action that could be maintained in such case is one for damages for breach of the contract to rebuild; and the measure of the damages, where there has been an entire failure to rebuild, is the cost of rebuilding, however much less that may be than the amount of the insurance; and where there has been but a partial failure, the amount it would cost to complete the building by making it substantially like the one destroyed, becomes the rule of damages. In either case, the amount of the insurance mentioned in the policy is wholly excluded from consideration. Morrell v. Insurance Co., 33 N. Y., 429; Beals v. Insurance Co., 36 N. Y., 522; Insurance Co. v. Hotel Co., 54 U. S. App., 215; vol. 13 Am. & Eng. Ency. Law (2 ed.), 380, where many cases are cited. It is said by Denio, C. J., in Morrell v. Insurance Co., supra, that “insurers having a proper regard for their own interests should not elect to rebuild unless they can, with the same or a less amount of money than the sum insured, procure as good an edifice to be erected, as the one which had been destroyed; but if they will, by availing themselves of the option, undertake to rebuild, they are bound to do so, at any expense which may be necessary, though it should exceed the amount insured. That amount has no longer any connection with the case, and cannot be made use of to test the quality or completeness of the new building, or to regulate the recovery in case of a failure to perform. Hence, where the amount of the pecuniary indemnity named in the policy is less than the value of the building insured and burned, it is just as unwise in the insurers to embrace the option to rebuild, as it would be to agree in the *262 first instance for the same premium absolutely to rebuild. By electing to rebuild under a policy in the alternative, a new contract, in a certain sense, is made. What was before alternative and optional becomes fixed and certain. An agreement to make good the loss in money, not exceeding the amount insured, is changed into a positive contract to erect another similar building.” The adjudicated cases show that rebuilding clauses in policies have been the source of litigation as frequent and prolonged as that arising under the “actual value,” or “appraisement and arbitration” clauses, and the results were involved in as much uncertainty; and in all important respects, the former appears to be as radically at variance with the statute, as the latter. They, alike, if carried into effect, would practically supersede the statute, instead of the statute superseding them.

Judgment affirmed.

Minshall, Q. J., Burket and Spear, JJ., concur.
Shauok, J.
Since 1857 the reported decisions of this court have been properly regarded in the light of an announcement in the sixth volume of the Oh?o State Reports, as follows: “The judges desire it to be understood, that their concurrence in the opinion of the judge who announces the decision of the court, is limited to that part which was necessary for the determination of the case, upon the facts, and the points of law arising therefrom; and, in general, the judges have endeavored to state those points in the syllabus of each case.”
Confidence that knowledge of this practice is coextensive with opportunity to read the foregoing opinion might satisfy me that separate observations in the present case are comparatively unimportant. Mv concurrence in the present judgment is not influenced *263 by any of the decisions of- this court which are cited in the foregoing opinion, most of them being irrelevant. It is true that in Moody v. Insurance Company, 52 Ohio St., 12, it was held, in substance, that when the insurer defends because of the exemption from liability under the terms of the policy resulting from the vacancy of the property at the time of loss, it must allege, and prove if the allegation is denied, that the vacancy increased the hazard. Not only was this conclusion violative of established rules of interpretation, but it was in direct conflict with the previous decision in Insurance Company v. Wells, 42 Ohio St., 519, where the same stipulation was held to be absolute.
Nor has the doctrine of Moody v. Insurance Company been approved in the later decisions cited. It is not even cited in the opinion in Insurance Company v. Drackett. It is mentioned and distinguished in The Sun Fire Office v. Clark, 53 Ohio St., 414. The kindred point there decided was that the insurer may successfully claim its immunity under the usual stipulation against additional insurance without its consent, and that it need not allege or prove that the hazard was increased by such additional insurance. The case is in accord with the views expressed by Mc-Ilvaine, J., in the Insurance Company v. Wells,. It was quite imperative that Moody v. The Insurance Company should be overruled or distinguished, ana the latter was thought practicable. In a case presenting no opportunity for distinguishing, and making overruling imperative, it will only be necessary to approve the doctrine of Insurance Company v. Wells.
Nor is my concurrence in the present judgment due to a conviction that the statute under consideration is founded upon sound policy. It is an exercise of *264 legislative power not repugnant to any limitation placed upon the exercise of that power. It is, therefore, to be judicially enforced whether it is promotive or subversive of sound policy. Properly interpreted, it seems to annul the stipulation on which the insurer relies in the present case.
Davis, J., concurs in this opinion.
Burket, J., concurs in the judgment for the reason that said section 3643 controls, and must prevail over the contract in the policy as to rebuilding.