JOHN LEONARD

*v.*

CHARLES BOSCH.

[*Decided October 25th, 1907.*]

1. Certificates of deposit, delivered in execution of a provision in a charter party for a deposit in guaranty of insurance, which declare the object of the deposit to be "to indemnify you in case of loss of the cargo," &c., constitute an agreement to indemnify against the loss of the cargo, and not an agreement of insurance, and such loss would be the value of the cargo at its destination less the cost of delivery there, and, where this amount is greater than the fund on deposit, the entire fund is applicable to the indemnity.

2. On an open policy of marine insurance on a cargo, the recovery in case of total loss is the value of the cargo at the place of shipment, and does not include a loss of profits.

3. On a valued policy of marine insurance on a cargo, the recovery in case of total loss is the whole amount of the agreed value.

4. A provision of a charter party for a deposit in guaranty of insurance not having restricted insurance by the shippers to an open policy, must be construed as entitling them to the benefit of any insurance, open or valued, which might have been taken out, up to the amount of the deposit, and, when it is clear that the parties intended a policy for an amount greater than the fund on deposit, the entire fund is applicable to the indemnity.

On settlement of decree.

*Messrs. McCarter & English,* for the complainant.

*Mr. Thomas E. French, Mr. Ralph W. E. Donges* and *Mr. Howard M. Cooper,* for the defendants.

EMERY, V. C.

The extent to which the deposit is made liable for loss is fixed by the certificates of deposit signed by the cashier of the bank. These certificates, as I concluded, were delivered as the execution of the clause in the charter party relating to the deposit in

guaranty of insurance, and the rights of the complainants to the benefit of the fund depend upon the proper construction of these certificates. The clause in the certificates declaring the object of the deposit is, that it is to be held "to indemnify you (the owners) in case of loss of the cargo," &c. I construe this to be an agreement to indemnify against loss of the cargo, and not an agreement of insurance. The loss of the owners on the cargo would be the value of the cargo at Philadelphia, less the cost of delivery at Philadelphia. This cost would include freight unpaid, the cost of insurance, and also, I think, the duty payable on the arrival at that port. The value at Philadelphia, as fixed by the evidence, was about $39,000, and the above charges or deductions do not exceed $11,000, so that the entire fund on deposit is applicable to the indemnity.

Treating the terms of deposit as controlled, not by the terms of the certificates, but by the terms of the charter party, which required a deposit "in guaranty of insurance," defendants contend that if the fund is applicable at all before the recovery of a judgment in an action for breach of this contract, the extent to which it may be applied is controlled by the amount of recovery on an open policy of insurance, *i. e.,* one where the value of the property insured is not agreed on or liquidated. Such recovery on an open policy is the value of cargo at the place of shipment, and does not include loss of profits. But, if the policy of insurance was a valued policy for $25,800, then the recovery would be for the whole amount, as the agreed value of the property for the purposes of insurance. *Beach Ins.* §§ *484, 485; 19 Am. & Eng. Encycl. L. (2d ed.) 1048; Irving* v. *Manning, 1 H. L. Cas. 287; Phoenix Insurance Co.* v. *McLoon, 100 Mass. 475.* It was optional with the shippers, under the charter party, to take out a valued policy to the extent of the value given to the owners of the vessel on the loading, and it is clear from the negotiations between the parties, that it was intended that it should be taken out for this amount, and the charges on insurance for this amount be paid. The charter party, therefore, not having restricted the insurance by the shippers to an open policy, must be construed as entitling them to the benefit of any insurance, open or valued, which might have been taken out, up to the amount of the de-

posit, and the fund, if treated as held strictly for insurance, must be held to secure the loss on such a policy. On this basis the same result is reached, and the entire fund is applicable.

I will advise a decree for payment of the entire amount on deposit to the complainants.