FRANK A. MILLIKEN & another vs. HENRY C. HATHAWAY.

Bristol.     October 24, 1888. — November 28, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Insolvent Debtor — Mortgage — Attachment — Fraudulent Preference —
Messenger in Insolvency — Trover.*

A debtor, to secure a debt payable on demand, with a view of giving a fraudulent preference to a creditor who knew his purpose, gave him a mortgage of personal property with power to sell it upon giving ten days' notice. Subsequently, the mortgagee gave due notice of his intention to foreclose the mortgage by a sale at public auction. Before the day of the sale the mortgagor was adjudged an insolvent debtor on his own petition, and a warrant was duly issued, the first publication of notice being made on that day. The mortgagee's auctioneer, before the hour fixed for the sale, had notice of the insolvency, and, upon a demand being made upon him by the messenger for the property, refused to give it up, and proceeded to sell it. *Held,* that the sale by the auctioneer after the messenger's demand was a conversion.

TORT, by the assignees in insolvency of one Walker, for the conversion of certain articles of personal property, consisting of a wooden building and the stock of goods, merchandise, and fixtures of a store kept by him therein. The case was submitted to the Superior Court, and, after judgment for the plaintiffs for the value of the goods, merchandise, and fixtures alone, to this court, on appeal, on an agreed statement of facts, the substance of which appears in the opinion.

*R. F. Raymond,* (*F. A. Milliken* with him,) for the plaintiffs.

*A. E. Perry,* for the defendant.

MORTON, C. J.  The only question presented in this case is as to the liability of the defendant for the value of the wooden frame building sold by him. This building was personal property belonging to one Walker. On December 3, 1885, he mortgaged the building, and the stock of goods, merchandise, and fixtures of a store kept by Walker in it, to Maggie M. Riley, to secure a pre-existing debt payable on demand, the mortgage containing a power to sell upon giving ten days' notice. He was insolvent, and the mortgage was made with a view to give a preference to said Riley, who knew his purpose in giving it. On December 12, Riley brought an action on the mortgage note,

attaching therein the goods, merchandise, and fixtures, but not the building, and on December 21, 1885, gave to said Walker notice of her intention to foreclose said mortgage by a sale at public auction, on December 31, 1885, at ten o'clock A. M. Prior to December 31, 1885, said Walker had been adjudged an insolvent debtor on his own petition, and a warrant had been issued, the first publication of the issuing of the warrant being in a newspaper published on said December 31. The defendant was an auctioneer employed by said Riley. Before the hour appointed for the sale, he had notice of the insolvency, and the messenger demanded of him the property, but he refused to give it up, and proceeded to sell it at auction. If he had no right under these circumstances to sell the property, his sale of it was an exercise of dominion over it which amounted to a conversion, and he is liable for its value in this action. *Gilmore* v. *Newton*, 9 Allen, 171.

The statute provides that the judge of insolvency shall issue a warrant to the sheriff, or one of his deputies, directing him forthwith as messenger to take possession of all the estate, real and personal, of the debtor, except such as may be by law exempt from attachment, and to keep the same until the appointment of an assignee ; and it makes it the duty of the messenger to " demand and receive from the debtor and other persons all the estate in his or their possession respectively which is herein ordered to be assigned." Pub. Sts. c. 157, §§ 17, 18. It is also made the duty of the debtor, not only to deliver to the messenger all the estate in his possession or power, but also to " disclose the situation of such parts thereof as are in the possession of any other person, so as to enable the messenger to demand and receive the same." Pub. Sts. c. 157, § 19. The messenger is the temporary custodian of all the estate of the debtor, and the intention of the statute is that he shall demand and receive all the property of the debtor which belongs to his estate, and which ought to go to the assignee for the benefit of the creditors.

In the case at bar, it is conceded that the mortgage from the insolvent debtor to Riley was fraudulent under our insolvent laws. Pub. Sts. c. 157, § 96. The statute declares that such a conveyance " shall be void." By this is meant, that it shall be void as to the assignee and the creditors. It is true that it is

not void in the sense that it is an absolute nullity, for undoubtedly it is valid as between the parties to it. But as to the assignee it is void and has no force unless he affirms it. *Butler* v. *Hildreth*, 5 Met. 49. *Snow* v. *Lang*, 2 Allen, 18. There was never a time when the mortgage in question in this case had any validity as against the assignee or creditors of the debtor. We do not think the mortgagee can set up that the messenger had no right to demand and receive the mortgaged property because she held it under a valid mortgage. The words of the statute defining the powers and duties of a messenger are broad enough to cover this case. Upon receiving the warrant he found personal property which belonged to the debtor's estate and should go to the assignee for the use of the creditors, which was about to be sold under a fraudulent mortgage, and thus perhaps lost to the creditors. We think it was his duty to demand it and endeavor to take possession of it. The defendant, in whose custody it was, had no greater rights than his principal, the mortgagee, and if he refused the demand, and insisted upon selling the property, he did so at his peril, and is liable for its value.

The defendant cites the case of *Cutter* v. *Gay*, 8 Allen, 134, in which it was held that a messenger has no right to take into his possession personal property of the debtor which is held by an officer under a valid attachment. But this was upon the ground that the attachment was not dissolved until the assignment, and that until the assignment it was in the custody of the law, and thus the rights of all parties were protected. These reasons have no application to the case at bar, which, on the contrary, presents strong reasons for the application of a different rule, since, if the messenger had no right to intervene, the property of the debtor would be in a few hours sold, and the proceeds probably be put out of the reach of the assignee.

It is not necessary for us to consider the question of the effect of the attachment by the mortgagee of a part of the mortgaged property. We have assumed, in favor of the defendant, that such attachment would not discharge the mortgage upon the building in question, which was not attached, and have treated the case as if the mortgage was unimpaired. This is the most favorable view for the defendant.

Upon the whole case, we are of opinion that, upon the facts agreed, the plaintiffs are entitled to recover the value of the wooden frame building, as well as of the goods, merchandise, and fixtures.                                     *Judgment accordingly.*