WILLIAM B. WRIGHT *vs.* FRANK A. ANDREWS COMPANY, Incorporated.

Suffolk.   March 13, 1912. — May 25, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DeCOURCY, JJ.

*Conversion.   Sale.   Tender.*

At the trial of an action for the alleged conversion of a diamond ring, there was evidence tending to show that the plaintiff purchased a particular diamond of the defendant with whom he left it to be set in a ring for the entire price of $500, of which he paid $100 at the time of the purchase, that the stone was set in the ring to the plaintiff's satisfaction and acceptance, and that the defendant then retained possession of the ring until the plaintiff should make full payment; that about five months later the plaintiff wrote to the defendant offering to rescind the purchase and to take back what he had paid and that the defendant did not accept the offer; that after a further interval of nearly five months the plaintiff tendered to the defendant $400 and demanded the ring and the defendant answered merely that he did not have the ring but that he could get it. There was no evidence of any agreement with regard to the payment of interest. *Held*, that the evidence warranted findings that the contract of sale never had been rescinded, that any lien that the defendant had upon the ring had been ended by the plaintiff's tender, and that the defendant had converted the ring.

TORT OR CONTRACT, the first count being in tort for the conversion of a diamond ring, and the second, after amendment, for a breach of a contract in failing to deliver such a ring. Writ dated July 30, 1908.

In the Superior Court the case was tried before *Hitchcock,* J. Facts which the jury were warranted in finding are stated in the opinion. The date of the purchase of the diamond therein referred to was October 11, 1907. The plaintiff's offer to rescind was by a letter dated March 6, 1908. The plaintiff's tender of $400 and demand for the ring was on July 30, 1908.

At the close of the evidence the defendant asked for the following rulings, which were refused:

"1. If the contract between the plaintiff and the defendant for the purchase of the ring was executory and if something remained to be done by the defendant before delivering it to the plaintiff, no title to the ring passed from the defendant to the plaintiff and the plaintiff cannot maintain an action for conversion."

"8. If at the time of the demand upon the defendant by the plaintiff for the delivery of the ring, the ring was not then in the possession of the defendant, the refusal of the defendant to deliver the ring would not constitute conversion."

"11. Upon all the evidence the plaintiff is not entitled to recover."

The jury found for the defendant on the second count, and on the first count for the plaintiff. The defendant alleged exceptions.

*J. C. Johnston,* for the defendant.

*J. E. Kelley,* for the plaintiff.

SHELDON, J. The jury could find that the plaintiff purchased a particular diamond of the defendant, the title to which at once passed to the plaintiff, but that he left it with the defendant to be set in a ring, for the whole price of $500, of which he paid down the sum of $100. They also could find that the stone was set in the ring to his satisfaction and acceptance, and that the defendant then retained it until he should make full payment therefor. The plaintiff, as it could be found, could not then pay the residue of the price, and after a considerable delay made an offer to the defendant to rescind the purchase and take back what he had paid; but the defendant did not accept this offer. After still further delay the plaintiff tendered the balance due to the defendant and demanded the ring, and the defendant merely answered that it did not then have the ring but could get it. By the tender, any lien which the defendant had upon the ring was ended, and the

plaintiff was entitled to immediate possession thereof, as could be found, but the defendant refused to give it to him. If so, he was entitled to maintain an action for its conversion. *Gilmore* v. *Newton,* 9 Allen, 171. *Milliken* v. *Hathaway,* 148 Mass. 69. The jury need not believe the defendant's testimony that it was not then in possession of the ring.

Nor were the jury bound to find that the defendant had rescinded its contract with the plaintiff for his delay in making full payment, even if it could have done so. It never had returned or offered to return the payment which the plaintiff had made; nor, as could have been found, had it availed itself of any one of the remedies which his default left open to it. See *Putnam* v. *Glidden,* 159 Mass. 47, 49, and cases cited. It may be assumed that it had a vendor's lien for the unpaid purchase money. *Arnold* v. *Delano,* 4 Cush. 33, 38. *Norfolk Hardwood Co.* v. *New York Central & Hudson River Railroad,* 202 Mass. 160. But this was perfectly consistent with, and indeed presupposed, a general right of property in the plaintiff, and would be ended by the plaintiff's tender. Nor was the tender invalid because it did not include interest which was not shown to have been due.

Accordingly a verdict for the defendant could not have been ordered.

The defendant's first request for instructions could not have been given without adding the qualification that the rule there stated would not be applicable if it appeared (as there was some evidence tending to show) that the parties intended the title to pass to the plaintiff either at once or upon the setting of the stone, and that this had been done before the plaintiff's tender. *Riddle* v. *Varnum,* 20 Pick. 280. *Sherwin* v. *Mudge,* 127 Mass. 547. *Wesoloski* v. *Wysoski,* 186 Mass. 495. *Automatic Time Table Advertising Co.* v. *Automatic Time Table Co.* 208 Mass. 252.

The eighth request contained a correct statement of the law so far as it went. *Johnson* v. *Couillard,* 4 Allen, 446. But it ought not to have been given without leaving it also to the jury to say whether before the demand and refusal the defendant had parted with or converted the ring, or otherwise by its merely wrongful act had disabled itself from delivering it to the plaintiff (*Gilmore* v. *Newton,* 9 Allen, 171; *Milliken* v. *Hathaway,* 148 Mass. 69), or whether the ring, even if not in the immediate possession of the

defendant, was yet not within its full control, as the statement of its president testified to by the plaintiff indicated.

The instructions given on the question of liability are not reported, and must be taken to have been full and accurate.

The defendant's other exceptions either have been expressly waived, or have not been argued and must be treated as waived.

*Exceptions overruled.*