WALTER G. WEHRLE, assignee in insolvency, vs. MERCANTILE NATIONAL BANK OF SALEM & others.

Essex. March 10, 11, 1915. — September 16, 1915.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Pledge. Equity Jurisdiction, Laches.*

The ordinary relation of pledgor and pledgee, although sometimes spoken of as in the nature of a trust, is not a fiduciary one as affecting the period of limitation of actions at law or the time within which a suit in equity must be brought.

Where the right of a pledgor to demand and receive certain shares of stock pledged to secure the payment of certain notes given by the pledgor for the accommodation of the pledgor's son was asserted for the first time in a suit in equity brought twenty-eight years after the notes had been paid, and there was nothing to indicate any deception or concealment on the part of the pledgee, it was *held*, that the suit was barred by laches.

In the suit above described the facts, that after the notes had been paid the assignee in insolvency of the estate of the pledgor had died and that no successor was appointed until the plaintiff was appointed such successor twenty-two years after the death of the original assignee, were *held* to have had no effect to suspend the operation of the lapse of time.

RUGG, C. J. This case comes before us on appeal from a decree * dismissing the bill after an order sustaining a demurrer. The material averments are that in 1878, Rebekah K. Jacobs indorsed and delivered to the firm of James O. Safford and Company twenty-six shares of stock of the defendant bank as collateral security for notes made by her for the accommodation of her son. The stock subsequently was transferred to the name of the firm and has been held by them. In 1881, one Choate was appointed assignee of the estate of Mrs. Jacobs, who had been adjudged insolvent. In 1884, Safford and Company executed and delivered a full release of all claims against the son, and a year later the surviving partner acknowledged full settlement of all claims against Mrs. Jacobs in the insolvency proceedings against her, and that the indebtedness as security for which the stock had been transferred was paid in full in 1884 or 1885. Choate, the assignee in insolvency of the estate of Mrs. Jacobs, died in 1890 and there was no assignee of her estate until the plaintiff was appointed in his stead in 1912. This suit in equity is brought to recover the

---

* Made by *Jenney*, J.

twenty-six shares of bank stock and the dividends which have accrued thereon. The bill was filed in March, 1913, twenty-eight years after it is averred that the debt for which the stock was deposited as collateral was paid.

The parties defendant are the bank whose shares of stock are sought to be recovered, the surviving partner of Safford and Company, who has deceased since the bringing of the suit and whose administrators defend, and the administrator of the estate of the other partner. The demurrer sets up the statute of limitations, laches, and staleness of the plaintiff's demand.

It is not necessary to determine whether the right of action of a pledgor to recover the pledge accrues without demand and at once upon the satisfaction of the claim to secure which the pledge was deposited. See *Hancock* v. *Franklin Ins. Co.* 114 Mass. 155, 156, and *Currier* v. *Studley,* 159 Mass. 17. If it be assumed in favor of the plaintiff, without so deciding, that a demand sometimes may be necessary, the delay in making the demand and in bringing the action in the case at bar is so great that he cannot prevail. The right to make the demand, if one was necessary, came into existence at latest in 1885. The subsequent death of the assignee of Mrs. Jacobs and a considerable interval before the appointment of his successor did not suspend the effect of the efflux of time. In this respect the rule of the statute of limitations must apply. If time begins to run when competent parties are in existence to represent both sides of the controversy, it continues to run notwithstanding the death or disability of the person whose rights may be barred. *Ballard* v. *Demmon,* 156 Mass. 449, 453. *Hogan* v. *Kurtz,* 94 U. S. 773, 779. *Bower* v. *Chetwynd,* [1914] 2 Ch. 68, 76.

It was said by Mr. Justice Sheldon, speaking for the court, in *Whitney* v. *Cheshire Railroad,* 210 Mass. 263, at page 268, with ample citation of authorities, "The rule has been laid down that where a demand is necessary to fix the legal rights of a party and give a complete cause of action, the demand ordinarily must be made within the time limited for bringing an action at law." The plaintiff contends that this rule is confined in its operation to cases where an executory contract calls for the performance of some act upon demand. But while many instances where it has been invoked are of that nature, the rule is general in its scope

and applies commonly where no fiduciary relation exists. An indeterminate bailment is distinguishable. *Wilkinson* v. *Verity*, L. R. 6 C. P. 206.

That principle governs the present case. While a pledge sometimes has been spoken of as in the nature of a trust, *Newton* v. *Fay*, 10 Allen, 505, 507, strictly it has not the legal characteristics of a trust and a transaction like that here shown is a pledge with the incidents attaching to that well recognized relation. *Gamson* v. *Pritchard*, 210 Mass. 296. *Shaw* v. *Silloway*, 145 Mass. 503. The lapse of twenty-eight years without any excuse other than appears upon the face of this bill is fatal to the maintenance of this suit. There is nothing to indicate fault on the part of the defendants in this respect or any conduct by deception or otherwise to prevent seasonable action by the plaintiff. It is not the province even of equity to afford relief against the natural consequences of such protracted slumber upon rights of the character here alleged. *Kase* v. *Burnham*, 206 Penn. St. 330. *Gilmer* v. *Morris*, 80 Ala. 78, 83. *Mackall* v. *Casilear*, 137 U. S. 556, 566. *Waterman* v. *Brown*, 31 Penn. St. 161. See *Brown* v. *Bronson*, 93 App. Div. (N. Y.) 312. The case has been ably presented in behalf of the plaintiff, but the best argument is unavailing upon these facts.

*Decree affirmed with costs.*

*F. L. Simpson,* for the plaintiff.

*C. R. Lamson, (D. G. Clark* with him,) for the defendants.