A. LAWRENCE LOWELL & another, executors, *vs.* ELLA STAVERT HUDSON & others.

Plymouth. May 17, 1929. — October 2, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Gift. Conversion. Executor and Administrator. Limitations, Statute of.*

In a petition in a probate court by executors of the will of a widow to determine the title to a diamond ring that was in the possession of the testatrix at the time of her death and which by a codicil to her will made in 1927 she had purported to bequeath specifically, it appeared that the ring had belonged to the husband of the testatrix; that shortly before his death in 1910 he had showed it to a friend and had said, "I want you to have this when I am gone. See if it fits you," and, it fitting, had said, "I want you to have it" and mentioned three sons of the friend, saying "Which ever one you want, I want to have it." No one of the sons was at any time designated as the one to receive the ring. The friend then returned the ring to the husband of the testatrix and he died two days later, after which the testatrix delivered the ring to the friend, stating that she did so according to her husband's wish "as a symbol of his friendship for you, and I want it kept in your family." The friend died in the home of the testatrix and, his widow asking her about the ring, she stated, "I have put it away for safe keeping. I think it will be safer there until such time as it will be needed." The friend's widow assented, but several times later asked that the ring be turned over to her, to which the testatrix replied, "Don't you think it will be safer where it is . . . I am holding it in trust for you, and it will be delivered to you at the right time." The respondents were the specific legatee and the widow and sons of the friend. The judge found that the title to the ring was in the friend and belonged to his widow and his sons, to whom he ordered delivery. The specific legatee appealed. *Held,* that

(1) A finding was warranted that the ring was the property of the friend at the time of his death;

(2) While the testatrix committed no wrong in taking possession at the death of the friend, she gained no title as against his personal representative;

(3) By reason of the statements of the testatrix, findings were warranted that during her lifetime there was no wrongful refusal on her part to give up the ring, and that she at no time in terms refused to give it up; and therefore that the statute of limitations had not run against the personal representative of the friend;

(4) The bequest of the ring by the codicil executed in 1927 could not operate as a conversion of the ring as of an earlier date;

(5) The personal representative of the estate of the friend not being a party, the case was remanded to the Probate Court for the purpose of enabling such representative to be made a party, and then for such further proceedings to determine the title to the property as law and justice might require.

PETITION, filed in the Probate Court for the county of Plymouth on May 14, 1928, by executors of the will of Esther M. Baxendale, late of Brockton, for determination of the title to a certain diamond ring.

In the Probate Court, the petition was heard by *L. E. Chamberlain*, J., a stenographer having been appointed under the provisions of G. L. c. 215, § 18. The respondent Ella S. Hudson, widow of Alan B. Hudson, was the only witness. In her testimony she stated: "Mr. Hudson and I had a very pleasant friendship with Mr. and Mrs. Baxendale. And the year of Mr. Baxendale's death, about two days before his death, Mr. Hudson and I visited the home as we daily did, several times a day." Material facts found by the judge are stated in the opinion. By order of the judge a final decree was entered in the following terms: "It is decreed that at the death of Alan B. Hudson, the husband of the respondent Ella S. Hudson, and the father of the respondents R. Stavert Hudson, Alan B. Hudson Jr., and Henry Hudson, the title to the said ring was in him, the said Alan B. Hudson, and is now the property of the said Ella S. Hudson, R. Stavert Hudson, Alan B. Hudson Jr., and Henry Hudson; and it is further decreed that the petitioning executors are authorized and instructed to deliver the said ring to the said owners, Ella S. Hudson, R. Stavert Hudson, Alan B. Hudson Jr., and Henry Hudson."

Vivisection Investigation League appealed.

*J. D. Graham,* for The Vivisection Investigation League.

*C. H. Poor, Jr.,* for Ella S. Hudson and others, submitted a brief.

SANDERSON, J.  This is a petition by the executors of the will of Esther M. Baxendale for determination of title to a diamond ring, purporting to be bequeathed by the tenth section of the sixth codicil of her will, executed January 12, 1927, to the Vivisection Investigation League, a corporation under the laws of New York.  The ring is in the possession of the petitioners and its identity has been established.  The respondents are the Vivisection Investigation League, and the widow and three sons of Alan B. Hudson, deceased.  The Vivisection Investigation League sets up the defence that any claim of the individual defendants is barred by the statute of limitations.  The Probate Court decreed that at the death of Alan B. Hudson the title to the ring was in him and is now the property of his widow and three sons, and authorized and instructed the petitioners to deliver the ring to them as owners.  The Vivisection Investigation League appealed.

The ring orginally belonged to Baxendale, the husband of the testatrix.  Shortly before his death in 1910, and while very ill, he showed the ring to Alan B. Hudson and said "I want you to have this when I am gone.  See if it fits you." Baxendale took the ring from his finger and Hudson put it on his own, saying "Yes, it fits, but put it on, it will be worn out."  Baxendale replied "I want you to have it" and mentioned the boys, saying "Which ever one you want, I want to have it."  Hudson then returned the ring to Baxendale. The boys referred to were the three sons of Alan B. Hudson, who are respondents, but no one of them was at any time designated as the one to receive the ring.  Two days later Baxendale died and after the funeral Mrs. Baxendale gave the ring to Alan B. Hudson, saying "According to Mr. Baxendale's wish I take this ring, which has been endeared to me by his wearing it so many years, and I now give it to you as a symbol of his friendship for you, and I want it kept in your family."  Hudson wore the ring from that time until his death on the twenty-sixth day of May, 1916.

After his death Mrs. Baxendale took the ring from his finger and, so far as appears, kept it in her possession until her death, which must have occurred after the codicil was executed in 1927. A few hours after Hudson's death Mrs. Hudson asked Mrs. Baxendale about the ring, and she said "I have put it away for safe keeping. I think it will be safer there until such time as it will be needed," and Mrs. Hudson replied ".All right." Several times later Mrs. Hudson requested that the ring be turned over to her, and Mrs. Baxendale said "Don't you think it will be safer where it is . . . I am holding it in trust for you, and it will be delivered to you at the right time." She also said "Can't you trust me?" and Mrs. Hudson said nothing in reply.

All this evidence warranted a finding that the ring was the property of Hudson at the time of his death. He died in Mrs. Baxendale's house and so far as appears she committed no wrong in taking possession of the ring, see *Gilmore* v. *Newton*, 9 Allen, 171, 172, but she thereby gained no title to it as against Hudson's personal representative. The contention that by reason of the statute of limitations the claim of the individual defendants is barred and that Mrs. Baxendale could, therefore, pass title to the ring by her will cannot be maintained. Her statements that she was holding it for safe keeping or in trust seem to have been assented to by Mrs. Hudson. The judge could have found that there was no wrongful refusal on her part to give up the ring, that she at no time in terms refused to give it up. *Luddington* v. *Goodnow*, 168 Mass. 223, 225.

The record does not disclose whether Hudson died intestate or whether his estate has been settled, and there is nothing to indicate that Mrs. Hudson when making the request that the ring be delivered to her was acting as administratrix nor that she then had any right to its possession. The widow and children of Hudson as those entitled to distribution of his estate, provided he died intestate, gained no title to the ring unless his estate has been settled. *Norton* v. *Lilley*, 210 Mass. 214, 217. G. L. c. 206, § 6; c. 195, § 5. There is nothing in the record, which contains a report of all the evidence, to justify a finding that a demand for the

ring was at any time made by a person entitled to it, *Bacon v. George*, 206 Mass. 566, 570, *Wright* v. *Frank A. Andrews Co. Inc.* 212 Mass. 186, or that the title to it was in the four individual defendants. The bequest of the ring by a codicil executed in 1927 could not operate as a conversion of the ring as of an earlier date. If this act operated as a conversion it had no retroactive effect. On this record there appears to be fair ground for contending that the title is in the personal representative of Alan B. Hudson, but until such representative is made a party the necessary parties for the determination of title are not before the court.

The decree is reversed and the case is remanded to the Probate Court for the purpose of enabling such representative to be made a party, and then for such further proceedings to determine the title to the property as law and justice may require.

*Ordered accordingly.*