NORWOOD TRUST COMPANY *vs.* TWENTY-FOUR FEDERAL STREET CORPORATION.

Norfolk.   May 18, 1936. — September 8, 1936.

Present: CROSBY, FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Tender.   Sale*, Rescission, Of securities.   *Limitations, Statute of*.

A sale of bonds made in violation of G. L. (Ter. Ed.) c. 110A could not be rescinded by the buyer except on proper tender made within six years from the date of sale, although the buyer did not know of the illegality of the sale until more than the six years had passed.

Mere failure of the seller to disclose to the buyer that a sale of bonds was made in violation of G. L. (Ter. Ed.) c. 110A was not, under G. L. (Ter. Ed.) c. 260, § 12, fraudulent concealment of the buyer's right to rescind the sale.

TORT OR CONTRACT. Writ in the Superior Court dated February 14, 1935.

At the request of the defendant and with the assent of the plaintiff, *Fosdick*, J., reported the action without decision upon a case stated.

*J. W. Vaughan*, (*A. Brown & J. A. Halloran* with him,) for the plaintiff.

*C. B. Rugg*, (*W. F. Farr* with him,) for the defendant.

LUMMUS, J. The facts appear in a case stated. The defendant is the same corporation that in 1928 was dealing in securities under the name of Harris, Forbes & Company, Incorporated. On April 14, 1928, it sold to the plaintiff first mortgage coupon bonds, due April 15, 1950, of the par value of $5,000, issued by National Press Building Corporation, at 99¾ plus accrued interest. On April 30, 1928, it delivered to the plaintiff the foregoing in the form of temporary bonds, and the plaintiff paid the price, $5,000.49. On or about October 1, 1928, the temporary bonds were replaced by permanent bonds. From the time of purchase to October 15, 1933, the plaintiff received interest on the bonds amounting to $1,381.18. Apparently no interest was thereafter received.

The sale of these bonds, it is conceded, was in violation of the sale of securities act, G. L. (Ter. Ed.) c. 110A. See *Grueby* v. *Chase Harris Forbes Corp.* 292 Mass. 156. The defendant knew in the latter part of 1932 that there had been a violation of that act, but the plaintiff did not learn that fact until July 26, 1934, and did not until December 7, 1934, receive full confirmation of the fact from counsel employed to investigate.

The first step taken by the plaintiff after learning the fact was the sending on January 4, 1935, of a letter to the defendant, offering to return the bonds, properly stamped with the necessary internal revenue stamps, and also the interest received, and demanding the return of the purchase

price.  This was followed by a tender by the plaintiff's attorney and treasurer on January 23, 1935, which was refused on the ground that there was no evidence of their authority from the plaintiff.  Reinforced by an express vote of authority by the directors of the plaintiff, they renewed the tender on February 8, 1935, but it was refused. Ever since January 4, 1935, the plaintiff has been ready and willing to return the bonds, properly stamped, and the interest received, in return for the purchase price, and would have been so ready and willing at any earlier time had it known of the violation of the act.  As to the necessity of the plaintiff's offering to stamp the bonds, and tendering the entire interest received in cash, see *Grueby* v. *Chase Harris Forbes Corp.* 292 Mass. 156.

On February 14, 1935, the plaintiff brought this action in "tort or contract," with a first count setting forth the facts already recited, and a second count for $5,000.49 for money had and received for the plaintiff's use, with interest.

The defendant relies on the statute of limitations.  Both actions of contract and actions of tort for which no special provision is made "shall . . . be commenced only within six years next after the cause of action accrues."  G. L. (Ter. Ed.) c. 260, § 2.  But the plaintiff contends that the cause of action did not accrue until the tender in 1935, or at least until the discovery in 1934 of the illegality in the sale.

We need not determine whether the cause of action accrued in 1934 or 1935, or immediately upon the sale of the bonds in 1928.  See *Doherty* v. *Bartlett*, 81 Fed. (2d) 920; *Hoffman* v. *Gillett*, 250 Ill. App. 492.  Even if we assume in favor of the plaintiff that the cause of action did not accrue until one of the later dates, it is held that "before a purchaser can maintain an action at law to recover the price paid for securities sold in violation of the statute he must make a proper tender which, if accepted, would restore to the seller the securities themselves and all dividends or interest which the purchaser has received therefrom." *Grueby* v. *Chase Harris Forbes Corp.* 292 Mass. 156, 159.

*Cummings* v. *Hotchkin Co.* 292 Mass. 78. When an act of a plaintiff, like a tender or demand, is necessary to perfect a cause of action so as to enable an action to be brought upon it (*French* v. *Merrill*, 132 Mass. 525, 527), the plaintiff cannot by failing to act preserve his cause of action indefinitely. Unless, as does not appear here, the intention was that the plaintiff should act with unusual speed (*Aronson* v. *Sol. & S. Marcus Co.* 292 Mass.390, 395), or, on the contrary, might preserve the existing situation indefinitely without ripening the cause of action (*Campbell* v. *Whoriskey*, 170 Mass. 63, 67, 68), the plaintiff is bound to act within a reasonable time.

Ordinarily the period fixed by the statute of limitations, although not in terms applicable to the perfection or completion of an inchoate cause of action, is taken by analogy to be the limit of reasonableness. The plaintiff must perfect his right of action within that period, or lose it. *Western Union Telegraph Co.* v. *Caldwell*, 141 Mass. 489, 494. *Shaw* v. *Silloway*, 145 Mass. 503, 507. *Campbell* v. *Whoriskey*, 170 Mass. 63, 65, *et seq. Lydig* v. *Braman*, 177 Mass. 212, 219, *et seq. Downer* v. *Squire*, 186 Mass. 189, 200, *et seq. Whitney* v. *Cheshire Railroad*, 210 Mass. 263, 268. *Pierce* v. *State National Bank of Boston*, 215 Mass. 18. *Wehrle* v. *Mercantile National Bank of Salem*, 221 Mass. 585. *Kelley* v. *Thomas G. Plant Corp.* 274 Mass. 102, 105, 106. It is immaterial whether the cause of action and the obligation to tender result from contract or from statute. Following the same analogy of the statute of limitations, it is also immaterial that the plaintiff did not know of the illegality and of its potential cause of action until more than six years after its purchase of the bonds. *Nudd* v. *Hamblin*, 8 Allen, 130. *Sturgis* v. *Preston*, 134 Mass. 372. *McKay* v. *Coolidge*, 218 Mass. 65. *O'Brien* v. *McSherry*, 222 Mass. 147, 150. *Capucci* v. *Barone*, 266 Mass. 578, 581. The mere failure of a wrongdoer to disclose his wrongdoing, where no fiduciary relation exists, is not a fraudulent concealment of the cause of action within G. L. (Ter. Ed.) c. 260, § 12. *Maloney* v. *Brackett*, 275 Mass. 479, 484. *Connelly* v. *Bartlett*, 286 Mass.

311, 317, *et seq.* *Bates* v. *Preble*, 151 U. S. 149. *Smith* v. *Blachley*, 198 Penn. St. 173. The right to tender the bonds back was lost before the tender was made, the tender was ineffectual, and the plaintiff cannot recover.

*Judgment for the defendant.*