JOHN T. BARTON *vs.* THE AUTOMOBILE INSURANCE COMPANY
OF HARTFORD.

Suffolk.   January 7, 1941. — May 27, 1941.

Present: FIELD, C.J., DONAHUE, LUMMUS, COX, & RONAN, JJ.

*Insurance,* Fire: construction of policy, limitation of time for bringing
action. *Practice, Civil,* Appellate Division: .report. *Contract,* Limi-
tation of time for bringing action, Performance and breach. *Election.*

A provision of a fire insurance policy issued in Massachusetts, that no
action should be maintained thereon unless commenced "within the
shortest limitation permitted under the laws of the State wherein" it
was issued, read with G. L. (Ter. Ed.) c. 175, § 22, established for the
bringing of an action a period of two years after the accrual of the
cause of action.

It was not within the power of a judge of a District Court under G. L.
(Ter. Ed.) c. 231, § 108, to make a voluntary report to the Appellate
Division containing only the evidence heard by him and questions of
law raised, without a "decision."

A voluntary report to the Appellate Division of an action in a District
Court, after the judge had made two alternative specific findings and
a finding for the defendant irrespective of which of the specific find-
ings should stand, was properly before the Appellate Division and this
court under G. L. (Ter. Ed.) c. 231, § 108.

Under provisions in a fire insurance policy, not in the Massachusetts
standard form, for appraisal of the amount of the loss and that the
sum for which the company was liable should be payable, or it should
replace the property, after the appraisal, the appraisal, unless waived,
was a condition precedent to the accrual of a cause of action by the
insured for the amount of the loss.

An unsuccessful attempt to maintain an action before performing a con-
dition precedent to the accrual of the cause of action would not bar
the plaintiff from seasonably performing the condition and then
seasonably seeking again to recover.

Where appraisal of the amount of a loss by appraisers selected by the
parties was a condition precedent to the accrual of a cause of action
on a fire insurance policy validly limiting the time for bringing action
to two years after such accrual, the insured lost his cause of action
through failing to perfect it by doing all things possible to secure an
appraisal within two years after the loss.

CONTRACT.   Writ in the Municipal Court of the City of
Boston dated October 22, 1935.

The action was heard by *Donovan*, J., who found for the defendant. The Appellate Division ordered his report dismissed and judgment for the defendant entered. The plaintiff appealed.

*M. Z. Kolodny*, (*S. P. Weston* with him,) for the plaintiff.
*G. B. Rowell*, (*R. J. Walsh* with him,) for the defendant.

LUMMUS, J. This is an action of contract begun in a District Court on October 22, 1935, upon a "fine arts" policy of insurance dated July 16, 1930, and actually issued to the plaintiff on July 24, 1930, by the Inland Marine Department of the defendant, insuring sixty-one oil paintings listed in an accompanying schedule and therein separately valued, the sum of the separate valuations being $184,250, against all risks of loss or damage except those specifically excluded. See G. L. (Ter. Ed.) c. 175, § 3; § 47, Second, (d); § 22A as amended by St. 1935, c. 234, and St. 1938, c. 181. Loss or damage by fire was not excluded. The plaintiff claims a total loss by fire on July 29, 1930. The policy contained this provision: "For the purpose of this insurance it is agreed that all property insured hereunder is valued as follows: Valuation given by assured which valuation shall not be more than the actual value." As a valued policy, the policy in question was illusory, for on the whole policy the valuation constituted the maximum of recovery but not the minimum, even for a total loss.[1] *Holmes* v. *Charlestown Mutual Fire Ins. Co.* 10 Met. 211. *Trull* v. *Roxbury Mutual Fire Ins. Co.* 3 Cush. 263, 268. *Phillips* v. *Merrimack Mutual Fire Ins. Co.* 10 Cush. 350, 356. *Nichols* v. *Fayette Mutual Fire Ins. Co.* 1 Allen, 63, 69. *Phoenix Ins. Co.* v. *McLoon*, 100 Mass. 475. *Luce* v.

---

[1] One provision was: "In case of loss or damage, this company shall pay or make good to the assured such loss or damage up to but not exceeding the amount set opposite the several articles covered hereunder as shown above or as per schedule attached to this policy, which amounts are agreed to be the values of said articles for the purpose of this insurance." A "valuation rider" attached to the policy provided: "This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and in no event for an amount in excess of that specified in the policy, and the loss or damage shall be ascertained or estimated according to such actual cash value with proper deduction for depreciation, however caused, and shall in no event exceed what it would then cost the assured to repair or replace the same with material of like kind and quality; . . ."

*Dorchester Mutual Fire Ins. Co.* 105 Mass. 297, 301. *Insurance Co.* v. *Willey,* 212 Mass. 75, 77.

A provision of the policy was as follows: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity . . . unless commenced within twelve months next after the happening of the loss, provided that where such limitation of time is prohibited by the laws of the State wherein this policy is issued, then and in that event no suit or action under this policy shall be sustainable unless commenced within the shortest limitation permitted under the laws of such State." The policy in question was issued at Boston in this Commonwealth. Under our statutes no limitation can be made to run from the happening of the loss. G. L. (Ter. Ed.) c. 175, § 22, provides: "No company . . . shall make, issue or deliver any policy of insurance . . . limiting the time for commencing actions against it to a period of less than two years from the time when the cause of action accrues. . . . Any such condition, stipulation or agreement shall be void." But the first limitation in the policy being invalid, we resort to the alternative limitation, "the shortest limitation permitted under the laws of" this Commonwealth. That alternative constituted a contractual limitation of action upon the policy of "two years from the time when the cause of action accrues."

Under the policy there were at least two obvious conditions precedent to the accrual of a cause of action. One was that "Failure to present claim within three (3) months from date of loss invalidates the same." A second was that "In the event of loss immediate notice with full particulars must be given or mailed by the assured to this company or its agents." These provisions, if not otherwise conditions precedent, were made such by the further and subsequent provision in the policy: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless the assured shall have fully complied with all the foregoing requirements." *Lamson Consolidated Store Service Co.* v. *Prudential Fire Ins. Co.* 171 Mass. 433, 435. On the record before us there

is substantial question whether these conditions precedent were performed. These conditions precedent were deliberately reserved at the trial. The trial was of other issues. Therefore we pass these matters by. The policy provides for a "satisfactory proof of the loss," not as is common in insurance policies by making the furnishing of such proof a condition precedent to the accrual of a cause of action, but merely as something to be furnished after the amount of loss or damage has been determined by the appraisers, and then only as one of the steps necessary to make the ascertained loss or damage payable sixty days after those steps have been taken. If the appraisal itself is not a condition precedent to action, the furnishing of "satisfactory proof of the loss" cannot be.

The case was tried in the District Court upon very limited issues. The parties by stipulation were only to "present all evidence which would enable the court to find the facts which would raise the question of law as to whether the plaintiff's action was brought prematurely because of non-compliance with the terms of the policy relative to the ascertainment and estimate of the loss by appraisers, or too late, and that upon completion of this evidence the court suspend the further trial of the case and find such facts as would be warranted by that portion of the evidence, report such findings and the questions of law raised thereby to the Appellate Division for determination . . . ." The judge, after hearing the evidence, of his own motion reported the case, without finding, for the determination of the two questions of law before stated, if he had authority to do so. His authority to do so depended upon his having made "decision" on the case where "there is an agreed statement of facts or a finding of the facts" or where the case involves "questions of law only." G. L. (Ter. Ed.) c. 231, § 108. Santosuosso v. DellaRusso, 300 Mass. 247, 249. That report cannot be considered, for the judge made no "decision" but attempted to transfer the duty of deciding to the Appellate Division. But the judge stated further that if he had no authority to make that report, he found that the plaintiff brought this action prematurely, and if

that finding is not warranted then he found that the plaintiff brought this action too late, and in either case found for the defendant. It is to be inferred that he intended to report the question whether either of these alternative findings was warranted by the evidence. Since he made a "decision" in a case that had been reduced by his finding to the question of law whether the finding was warranted, and the decision if sustained will be decisive of the case, the alternative report is properly before us.

The policy contained a provision for ascertaining the amount of loss or damage by appraisers, and the next question is whether the plaintiff, as a condition of acquiring a cause of action, had to do everything in his power to effectuate the appraisal provided for by the policy. The plaintiff contends that appraisal is a condition precedent, while the defendant asserts that the question, whether it is or not, is doubtful.[1]

The policy in question contains many of the provisions of the standard fire policy under Pub. Sts. (1882) c. 119, § 139, before the express provision that a reference of the amount of the loss "shall be a condition precedent to any right of action in law or equity to recover for such loss" was inserted by St. 1887, c. 214, § 60. But the order of events is different. The standard policy at that time provided first for a statement. After the statement, the insurer

---

[1] The provision in question, which is in the "valuation rider," after providing that the loss or damage shall be ascertained or estimated according to the actual cash value, continued: "said ascertainment or estimate shall be made by the assured and this company, or, if they differ, then by appraisers, as hereinafter provided; and, the amount of loss or damage having been thus determined, the sum for which this company is liable pursuant to this policy shall be payable sixty days after due notice, ascertainment, estimate, and satisfactory proof of the loss have been received by this company in accordance with the terms of this policy. It shall be optional, however, with this company to take all, or any part of the articles at such ascertained or appraised value and also to repair or replace the property lost or damaged with other of like kind and quality within a reasonable time on giving notice within thirty days after receipt of the proof herein required, of its intention so to do. . . . In the event of disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the assured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately the sound value and damage, and, failing to agree, shall submit their differences to the umpire, and the award in writing of any two shall determine the amount of such loss; . . ."

was bound within sixty days either to pay the loss or to replace the property. While the insurer still had this election, it could not be said to owe the insured money. *Godfrey* v. *Macomber*, 128 Mass. 188. *Lewenstein* v. *Forman*, 223 Mass. 325. After the provision for election, there follows the provision for reference of the loss "in case any difference of opinion shall arise as to the amount of loss." In *Reed* v. *Washington Fire & Marine Ins. Co.* 138 Mass. 572, it was held that unless the company elects to replace the property it promises to pay the loss, and that the reference provided for is not a condition precedent to the right to maintain an action upon the promise to pay the loss.

The policy in the present case contains no promise to pay the loss, except as the loss may be ascertained by appraisers. After the appraisal, the defendant still has the option to replace the property rather than pay the loss. We think that appraisal, unless waived, is a condition precedent to the right to bring an action to recover the amount of the loss. Until appraisal or waiver no cause of action accrues. For this reason, if for no other, the earlier action brought on this policy in the Superior Court on June 15, 1931, removed to the District Court of the United States, and ended by nonsuit without determination of the merits on May 22, 1933, could not have been maintained. *Barton* v. *Automobile Ins. Co.* 63 Fed. (2d) 631; 289 U. S. 755. Each party had selected an appraiser on June 10, 1931, but the two appraisers never selected an umpire nor conducted any appraisal, for five days later the earlier action was begun. After that action was ended by nonsuit, the matter lay dormant until the present attorneys for the plaintiff were retained in June, 1935. The unsuccessful attempt by the plaintiff to recover the insurance without performance of the condition precedent as to appraisal, did not of itself deprive the plaintiff of the right seasonably to perform that condition and then seek again to recover. *Snow* v. *Alley*, 156 Mass. 193. *Miller* v. *Richards*, 305 Mass. 424, 426.

The present attorneys for the plaintiff demanded in 1935 that the two appraisers selected in 1931 proceed to perform their duties. The appraiser selected by the defendant re-

fused to act, and the defendant, though requested, declined to select a new appraiser in his place (*Hood* v. *Hartshorn,* 100 Mass. 117, 121), and denied liability. The defendant concedes that the plaintiff did all that he could in 1935 to obtain an appraisal. See also *Wainer* v. *Milford Mutual Fire Ins. Co.* 153 Mass. 335, 338; *Lamson Consolidated Store Service Co.* v. *Prudential Fire Ins. Co.* 171 Mass. 433, 436; *Fall River* v. *Aetna Ins. Co.* 219 Mass. 454, 458; *Alba* v. *Fireman's Fund Ins. Co.* 295 Mass. 80, 84.

But the defendant contends that in 1935 the plaintiff's right to bring an action upon performance or waiver of the condition precedent of appraisal had already been lost. It is evident that some limit must be placed upon the right to perfect a cause of action by appraisal, just as a limit must be placed upon the right to perfect a cause of action by demand. Otherwise a defendant might at the option of the plaintiff be kept for a long period in a state of uncertainty, because no statute of limitations would begin to run until the condition precedent should be performed and the cause of action thereby made to accrue. "Ordinarily the period fixed by the statute of limitations, although not in terms applicable to the perfection or completion of an inchoate cause of action, is taken by analogy to be the limit of reasonableness. The plaintiff must perfect his right of action within that period, or lose it." *Norwood Trust Co.* v. *Twenty-four Federal Street Corp.* 295 Mass. 234, 237. Where as in this case both the right and the applicable period of limitations are contractual, the period stated in the contract governs. *Campbell* v. *Whoriskey,* 170 Mass. 63, 67. *Kelley* v. *Thomas G. Plant Corp.* 274 Mass. 102, 105, 106. Admittedly nothing was done sufficient to satisfy or waive the condition precedent of appraisal until 1935, four years after the loss. It was then too late to perfect the cause of action. The plaintiff cannot recover because he did not seasonably satisfy the condition of the policy as to appraisal.

*Order of Appellate Division affirmed.*