Petungell, P. J.
Action in which the plaintiff joins a count in contract with one in tort, the counts being for one and the same cause of action. The plaintiff sues as the owner of a rug entrusted to the defendant for dyeing and not returned. The defendant’s answer consists of a general denial and a plea of the statute of limitations.
There was evidence that the rug was delivered to the defendant in 1937; that after three or four weeks the plaintiff *216 began calling for it; that the defendant twice attempted to deliver to the plaintiff a rug which the plaintiff rejected in each case as not the one delivered to the defendant. The last attempted delivery was in March, 1938. Conversations regarding the return of the rug continued about 1942. Suit was brought January 11, 1944.
The defendant filed two requests for rulings, as follows:
“1. On all the evidence the defendant is entitled to a finding in their (sic.) favor, a. The plaintiff by her own testimony is bound by the fact that she delivered the rug to the defendant on November 19, 1937. b. The plaintiff is bound by her own testimony that three or four weeks after her rug was taken the same was lost by the defendant. 2. The cause of action for the loss of her rug commenced at the time the rug was delivered to the defendant.”
The trial judge disposed of the requests with the following comment:
“In the above action I find for the plaintiff in the sum of $100, defendant’s request for ruling la is allowed, lb denied as not according to facts as found, number 2 is denied.”
No findings of facts were made by the trial judge.
Where personal property of one is delivered to another as a bailment, the usual principles of law applicable as to the time of the accrual of a cause of action for its non-return is that the statute begins to run when a demand is made for the return of the property; that such a demand must be made within a reasonable time after the bailment is made; and that in the ordinary case a reasonable time for making a demand is the same period of time which limits the bringing of an action after the demand is made. The application of these principles of law to the facts in this case is that the- plaintiff had six years from the delivery of the rug to the defendant within which to make a formal *217 demand for its return and then six years more within which to bring her action. Campbell vs. Whoriskey, 170 Mass. 63 at 67. Whitney vs. Cheshire Railroad, 210 Mass. 263 at 268. Wehrle vs. Mercantile National Bank, 221 Mass. 585 at 586, 587. Lowell vs. Hudson, 268 Mass. 574 at 577, 578. Norwood Trust Co. vs. Twenty Four Federal Street Corp., 295 Mass. 234 at 237. Barton vs. Automobile Ins. Co. of Hartford, 309 Mass. 128 at 134.
Although the general rule is as stated above, “the time when the demand must be made depends upon the construction to be put upon the contract in each ease.” Campbell vs. Whoriskey, supra. Important, also, in this case, is the question whether a demand was made and if so, when. These latter questions are purely mattérs of fact. The trial judge here could have found that the plaintiff had made a demand for the return of the rug at a time when the demand as to time would have been sufficient to cause the plaintiff’s right of action to accrue, making the present action properly brought. No request for a ruling challenges the sufficiency of the evidence to warrant such a finding. For a case in which findings of fact were made on somewhat similar facts, see Zytka vs. Dmochowski, 302 Mass. 63 at 66, 67.
If the demand is made too late to constitute a demand within a reasonable time, no right of action accrues to the plaintiff and there can be no recovery. Kelley vs. Thomas G. Plant Corp., 274 Mass. 102, at 105, 106. The case under consideration may be governed by that case.
As the trial judge left the case he undoubtedly had in mind facts which in his opinion were sufficient to justify the denial of the defendant’s requested ruling lb.
But he made no findings of fact, although in his disposition of the requests he denied the defendant’s request lb as “not according to facts as found.” This is contrary to *218 the last paragraph of Buie 27 of the District Court Buies (1940 Ed.) and constitutes prejudicial error. Barry vs. Sparks, 306 Mass. 80 at 85. The defendant is left with no way of knowing what facts were found, which made the denial of its request improper, or whether the facts found and not set forth were as matter of law a sufficient ground of denial.
The finding for the plaintiff is to be .vacated and the case to stand for a new trial.