IRVING L. GOLDSMITH & another *vs.* RELIANCE INSURANCE COMPANY & others.

Hampden.    May 3, 1967. — June 30, 1967.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Insurance,* Fire insurance: limitation of time for bringing action. *Statute,* Construction.

The provision of G. L. c. 175, § 22, forbidding any limitation of the time for commencing an action on an insurance policy to a period of less than two years from the time when the cause of action accrued, and the provision of § 99 limiting the time for commencing an action on a fire insurance policy to a period of two years from the time the loss occurred, can both be given effect by confining § 22 to limitations settled upon solely by the parties to the insurance policy, as opposed to limitations directed by the Legislature.    [102]

An action by the insured in a fire insurance policy in the Massachusetts standard form to recover for a loss was barred by the provision of the policy, prescribed by G. L. c. 175, § 99, limiting the time for commencing an action thereon to a period of two years from the time the loss occurred, even though, within § 22, the action was commenced less than two years after the time when the insured's cause of action on the policy accrued under the terms thereof.    [102]

CONTRACT. Writ in the Superior Court dated July 26, 1963.

The action was heard by *Tomasello, J.,* on an auditor's report.

*Joseph J. Hurley* (*George F. Hurley* with him) for the defendants.

*Lloyd S. Bardach* (*Jerome S. Gold* with him) for the plaintiffs.

SPALDING, J. This is an action in which the plaintiffs seek to recover on eight policies of fire insurance issued by the defendants. The case was referred to an auditor whose findings of fact were to be final.

The auditor found the following facts. The plaintiffs, Irving L. Goldsmith and Philip R. Corbert, copartners doing business under the name of The Mill Outlet, conducted a retail clothing store in Holyoke. On April 7, 1961, a fire occurred at the store. At that time the stock, fixtures and improvements were insured in the amount of $46,000 under eight policies of insurance issued by the seven defendant insurance companies. The policies were in accordance with the Massachusetts standard form, as prescribed by G. L. c. 175, § 99. On April 8 or 9, 1961, the plaintiffs retained the services of a licensed adjuster to represent them. On April 14 the plaintiffs' adjuster and one representing the defendants agreed upon the value and loss which they set forth in a memorandum which each signed. The amount of the loss agreed upon was $51,772.87. The memorandum stated that it was not to constitute an admission of liability and was "without prejudice to any defenses and subject to all . . . the terms and conditions of the policies." On July 19, 1961, the defendants' adjuster received eight proofs of loss, duly sworn to, directed to the various defendants. These proofs were forwarded to the defendants' adjuster by the plaintiffs' adjuster, who had received no prepared forms from the defendants or their agents. "The defendants did not notify the plaintiffs that they denied liability nor did they inform the plaintiffs that they

assumed liability. The defendants did not waive any of the provisions of the insurance policies . . ..''

The auditor found that the loss was $51,772.87, the amount agreed upon by the adjusters. He also found that the plaintiffs commenced their action on July 26, 1963, which was two years and one hundred ten days after the fire loss occurred.

The plaintiffs and the defendants presented motions for judgment on the auditor's report. The plaintiffs' motion was allowed and the defendants' motion was denied. The defendants appealed.

The defendants' motion was based upon the following provision which was contained in each of the policies: ''No suit or action against this company for the recovery of any claim by virtue of this policy shall be sustained in any court of law or equity in this commonwealth unless commenced within two years from the time the loss occurred. . . .'' This provision is prescribed by G. L. c. 175, § 99, as part of the standard form for fire insurance policies. The defendants contend that since this action was brought more than two years after the fire loss occurred, it is barred by the foregoing limitation.

There is another provision of G. L. c. 175 (the insurance chapter) which must be considered. Section 22 provides in material part: ''No company . . . shall make . . . any policy of insurance . . . containing any condition, stipulation or agreement . . . limiting the time for commencing actions against it to a period of less than two years from the time when the cause of action accrues. . . . Any such condition, stipulation or agreement shall be void.'' Under the terms of the standard fire insurance policy, the defendants were required either to pay the amount for which they were liable or replace the property within sixty days from the time the plaintiffs submitted their proofs. The proofs having been submitted on July 19, 1961, the defendants were not in default under the policies, if at all, until September 18, 1961, at which time the plaintiffs' cause of action accrued. See *Barton* v. *Automobile Ins. Co.* 309 Mass. 128.

This action was brought on July 26, 1963, less than two years from that time.

Thus, § 99, in limiting actions to two years from the time the loss occurs, limits them to less than two years from the time the cause of action accrues. The question is whether the limitation of § 99 is void by reason of § 22. We are of opinion that it is not.

If possible, we do not attribute to the Legislature the enactment of nugatory statutory provisions. It "is well established, that statutes alleged to be inconsistent with each other, in whole or in part, must be so construed as to give reasonable effect to both, unless there be some positive repugnancy between them." *Brooks* v. *Fitchburg & Leominster St. Ry.* 200 Mass. 8, 17. *Everett* v. *Revere,* 344 Mass. 585, 589. The limitation provision of § 99 may be construed to be effective by confining § 22 to nonstatutory limitations, that is, to those settled upon solely by the parties to the insurance policy, as opposed to those directed by the Legislature. Cf. *Barton* v. *Automobile Ins. Co.* 309 Mass. 128.[1] Such a construction achieves the desired result of giving effect to the relevant provisions of both § 22 and § 99.

The limitation in the policies, as prescribed by § 99, must be given effect, and the action was therefore barred. The order for judgment for the plaintiffs is reversed and judgment is to be entered for the defendants.

*So ordered.*

---

[1] The plaintiffs place considerable reliance upon the *Barton* case. There, relying on G. L. c. 175, § 22, the court said, "Under our statutes no limitation can be made to run from the happening of the loss." P. 130. The insurance policy in that case was not in a standard form prescribed by statute. There was no occasion to, and the court did not, consider the limitation clause required by § 99.