Sosman, J.
Plaintiff Denise Faustman has brought the present action seeking to recover on her homeowner’s insurance policy for alleged theft losses at her home. Defendant Commerce Insurance Company has moved for summary judgment on the ground that the suit is time-barred by the terms of the policy and by G.L.c. 175, §99. For the following reasons, the motion is ALLOWED.
Facts
Commerce Insurance Company issued a homeowners insurance policy to plaintiff Denise Faustman and her former husband, James Breitmeyer, for the premises located at 74 Pinecroft Road in Weston. The perils insured against included loss due to fire and loss of personal property by means of theft. Under an endorsement entitled “Special Provisions — Massachusetts,” the policy provided that no action could be brought against Commerce unless “the action is started within two years after the date of loss or damage occurs.”
Beginning at some point in the fall of 1996 and continuing up until March 20, 1997, a nanny employed in Faustman’s home stole cash and personal property belonging to Faustman and her former husband. Faustman is not aware of any thefts occurring later than March 20, 1997. The nanny was ultimately convicted in connection with these thefts.
Faustman notified Commerce of these losses in March 1998, after the conclusion of the criminal proceedings against the nanny. Commerce conducted its investigation, including an examination of Faust-man under oath on August 18, 1998. By letter dated January 5, 1999, Commerce’s attorney notified Faust-man that her claim was being denied in its entirety.
On January 18, 1999, Faustman’s attorney sent Commerce a demand letter pursuant to G.L.c. 93A, claiming various violations of G.L.c. 176D. On February 1, 1999, Commerce’s attorney responded to that demand letter. The present action for breach of the insurance contract and violation of G.L.c. 93A was filed on May 6, 1999.
Discussion
Commerce contends that the present action is time-barred, as the date of filing (May 6, 1999) is more than two years after the last of the thefts at issue (March 20, 1997). Commerce relies on the policy provision requiring suit to be brought within two years of the date of loss, and further argues that that two-year time period is the one prescribed for such a policy by G.L.c. 175, §99. The statute sets requirements of various items that must be included in policies “that insure against loss or damage by fire or by fire and lightning to property or interests in the commonwealth.” Among the requirements set by §99 is inclusion of the following language: “No suit or action against this company for the recovery of any claim by virtue of this policy shall be sustained in any court of law or equity in this commonwealth unless commenced within two years from the time the loss occurred.” Commerce contends that this homeowners policy, which included insurance against loss by fire, therefore included the required two years from date of loss time limit for bringing any claim based on the policy.
However, Faustman points to a contrary statutory provision in G.L.c. 175, §22, which expressly prohibits the inclusion of various specified provisions in “any policy of insurance.” Among the prohibited items is “any condition, stipulation or agreement . . . limiting the time for commencing actions against it to a period of less than two years from the time when the cause of action accrues.” The first paragraph of §22 concludes: “Any such condition, stipulation or agreement shall be void.” Because the date of loss is not the same as the date on which a cause of action against an insurer accrues, a provision allowing only two years from the “date of loss” violates the §22 requirement that the time in which to sue can not be set at anything less than two years from “the time when the action accrues.” See Barton v. The Automobile Insurance Co. of Hartford, 309 Mass. 128, 130 (1941).
The problem of reconciling the prohibition set forth in §22 with the contrary mandate set forth in §99 was addressed in Goldsmith v. Reliance Insurance Co., 353 Mass. 99 (1967). The plaintiff in Goldsmith brought an action to recover for fire loss occurring at his business, on which he had carried multiple fire insurance policies. Under the policies, the insurers were required to make payment or replace the property within sixty days of the insured’s submission of his proof of loss. Plaintiff had commenced his lawsuit more than two years from the date of the fire, but the cause of action against the insurers did not accrue until they had failed to make payment or replacement on that sixtieth day after the proof of loss had been submitted. The suit had been filed before the two year deadline from that date on which the cause of action had accrued. Plaintiff argued that §22 governed and rendered void the policy provisions that had been set in compliance with §99. The court disagreed, holding that §22 applied to any “nonstatutory limitations" but did not void any separate requirements or limitations that were “directed by the Legislature.” 353 Mass, at 102.
Faustman’s standard homeowners policy includes insurance against loss by fire, but it also insures *266 against a whole array of other perils (including theft) that are totally unrelated to fire. The question on this motion is whether the inclusion of fire insurance with other types of coverage makes the entire policy subject to §99, thereby avoiding the proscriptions of §22 or whether the different coverages in the policy are made subject to differing statutes of limitations. As always, this court should seek to interpret and apply these two statutes consistent with the legislature’s intent.
Issuance of such a homeowners policy is authorized by G.L.c. 175, §54E. In §54E, the legislature provided that companies who were authorized to write fire insurance and who had been “actively engaged in the fire insurance business” for at least ten years would be allowed to “insure against loss or damage to dwellings and appurtenant structures and to the contents thereof and any other personal property of a similar nature of the insured or members of his household resulting from any peril proper to insure against in this commonwealth, and may, in addition, insure against the legal liability of the insured or of members of his household arising out of non-business pursuits, and insure with respect to medical, surgical and hospital expenses.” However, “insurance against loss or damage by perils other than the peril of fire may be written only when insurance against the peril of fire is written in the same policy and on forms which have been submitted to and approved by the commissioner.” Id. In other words, the combining of fire insurance with other types of insurance in a homeowners policy is not only allowed, but the inclusion of fire insurance in such a policy is mandated by §54E. The legislature expressly allowed (and indeed required) the combining of fire insurance with the other coverages that are in Faustman’s homeowner policy.[1]
Where the legislature in §54E specifically treated the other perils insured against as things to be added to what were fundamentally fire insurance policies issued by companies with experience in fire insurance, it appears that the legislature intended that these policies be governed by the requirements that govern fire insurance policies, including §99, rather than the general requirements set forth in §22. To the extent that policy provisions for other types of perils needed to be added or changed to reconcile them with the §99 requirements for fire insurance policies, the legislature required that the forms for such homeowners policies be “submitted to and approved by the commissioner.” Rather than work out standard provisions for the other components of such a policy (as had been done in §99 for the purely fire insurance provisions), the legislature left it up to the Commissioner of Insurance to review those provisions and harmonize them with standard fire insurance provisions.[2]
The Commerce form for the homeowners policy held by Faustman is a standard form that has been reviewed and approved by the Commissioner of Insurance. The Commissioner’s view that the fire insurance statute of limitations, not the general insurance statute of limitations set forth in §22, applies to such §54E homeowners policies is a view that is entitled to considerable deference. While the court, and not the Commissioner, is the final arbiter of issues of statutory interpretation, §54F appears to have given the Commissioner the authority to approve the variations on a standard §99 fire insurance policy that will or will not be required for a §54E homeowners policy. The legislature has not required the Commissioner to apply the general requirements of §22 to fire insurance policies that, pursuant to §54E, include insurance against other non-fire perils. Where the Commissioner has approved this form policy, including its provisions setting a two year from date of loss time period in which to sue, it is a lawful policy under §54E, and the legislature did not intend that §22 would void its provisions.
Where the statute of limitations in the policy as approved by the Commissioner was two years from the date of loss, and where the loss(es) occurred on March 20, 1997 at the latest, an action filed on May 9, 1999 seeking to recover on the policy is untimely. Therefore, plaintiffs claim for breach of contract is time-barred.
With respect to plaintiffs claim under G.L.c. 93A for alleged violations of G.L.c. 176D, Commerce argues that such a claim, however characterized, is still a claim “by virtue of this policy” such that it is also barred by the two year from date of loss statute of limitations set forth in §99. Commerce relies on the analysis in Nunheimer a. Continental Insurance Co., Civil Action No. 98-10956-WGY (U.S.D.C., D.Mass.) (November 1, 1999), and cases cited therein. Plaintiff has not argued to the contrary in opposition to this motion, and the analysis in Nunheimer is persuasive on the issue. Accordingly, Commerce is entitled to summary judgment in its favor on the G.L.c. 93A count as well.
ORDER
For the foregoing reasons, defendant’s motion for summary judgment is ALLOWED and it is hereby ORDERED that judgment be entered in favor of defendant Commerce Insurance Company.

There is therefore no issue of Commerce itself seeking to evade the prohibitions of §22 by combining fire insurance with other types of insurance. This is precisely the combination of insurance coverages that the legislature provided for in §54E.

Faustman argues that the discrepancies between her homeowners policy and the wording required by §99 mean that her policy is not a fire insurance policy under §99 and should not be governed by the statute of limitations in §99. Whatever the discrepancies are, the legislature anticipated such discrepancies and left it up to the Commissioner of Insurance to approve variations from a standard §99 fire insurance policy that would make the policy a permissible homeowners policy under §54E.